CHARLES W. SELLARDS, Plaintiff-Appellant, v. BOARD OF TRUSTEES OF THE ROLLING MEADOWS FIREMEN'S PENSION FUND, Defendant-Appellee.

First District (4th Division)   No. 84—2431

Opinion filed May 16, 1985.

Scheele, Cornelius & Associates, Ltd., of Chicago (Stephen M. Cornelius, of counsel), for appellant.

Donald M. Rose, Ltd., of Rolling Meadows (Donald M. Rose and Kathleen Ross, of counsel), for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The board of trustees of the Rolling Meadows Firemen's Pension Fund (board) reduced Charles W. Sellards' disability pension benefits that he was receiving under the Pension Code (Ill. Rev. Stat. 1983, ch. 108½, par. 1—101 *et seq.*) by the amount of payments that he was receiving under the Workers' Compensation Act. Sellards sought administrative review in the circuit court of Cook County, where the decision of the board was affirmed.

Sellards joined the Rolling Meadows Fire Department in 1967 and was accepted in the pension fund in 1968. He was injured while on duty in 1981 and shortly thereafter began receiving workers' compensation benefits. A year later he was terminated as an employee and began receiving a disability pension. At the same time he was also receiving workers' compensation benefits. It was then that the board voted to reduce Sellards' monthly disability pension benefits by the amount of payments he was receiving under the Workers' Compensation Act.

Article XIII, section 5, of the 1970 Illinois Constitution provides that membership in a pension system of any unit of local government in the State is "an enforceable contractual relationship, the benefits of which shall not be diminished or impaired." (Ill. Const. 1970, art. XIII, sec. 5.) At the time the Constitution was adopted Sellards was a member of the pension system. While the Pension Code contained no provision for a reduction of pension benefits by the amount a person receives from workers' compensation, the Workers' Compensation Act had such a provision (Ill. Rev. Stat. 1971, ch. 48, par. 138.1(b)). Consequently, at the time of the adoption of the Constitution it would have been appropriate for the board to take the action that they took here.

In 1974, however, the Workers' Compensation Act was amended to eliminate this provision. It was not until 1977 that the Pension Code was amended to insert a similar provision providing that pen-

sion benefits were to be reduced by workers' compensation benefits being received. (Ill. Rev. Stat. 1977, ch. 108½, par. 4—143.) Consequently, on the date of Sellards' injury in 1981, section 4—143 of the Pension Code was in effect. Ill. Rev. Stat. 1983, ch. 108½, par. 4—143.

Sellards contends that the applicable law is the law that existed at the date of the injury in 1981. (*Wilson-Raymond Constructors Co. v. Industrial Com.* (1980), 79 Ill. 2d 45, 51, 402 N.E.2d 584; *Health & Hospitals Governing Com. v. Industrial Com.* (1978), 72 Ill. 2d 263, 271, 381 N.E.2d 295.) In his construction of the case, however, the 1977 amendment to the Pension Code which provides for the reduction of pension benefits by the amount of workers' compensation benefits is not applicable. Sellards contends that as the legislature in 1974 eliminated the workers' compensation provision that would diminish his pension benefits by the amount of workers' compensation received, his pension benefits were thereby "increased" and, thus, the 1977 amendment to the Pension Code could not be used to diminish or reduce his pension rights. We disagree.

The Constitution provides that an employee has a vested contractual right in a pension system which may not be diminished or impaired, and a participant is entitled to a pension based on the status of the system when his rights in the system vested, either at the time he entered the system or in 1971 when the 1970 Constitution became effective, whichever is later. *Kraus v. Board of Trustees* (1979), 72 Ill. App. 3d 833, 837, 390 N.E.2d 1281.

Sellards' rights in the pension system vested in 1971. At that time, Sellards' right to recover disability pension benefits was limited by the Workers' Compensation Act. While there was a change in the pension system with the elimination of this prohibition in 1974, that change certainly did not diminish or impair the pension fund as it existed for Sellards at the time his rights in the system vested. The Constitution does not provide that a person has a vested right in any beneficial changes in a pension system.

The law to be applied to Sellards is the law as it existed on the date of the injury in 1981. The 1977 amendment to the Pension Code provides that pension benefits shall be reduced by the amount of workers' compensation benefits received. This provision has neither the effect of diminishing nor impairing his pension benefit rights. Rather, Sellards is receiving the pension benefits guaranteed to him when his rights vested in 1971. Therefore, the board acted properly when it reduced Sellards' pension benefits by the amount of workers' compensation benefits he was receiving.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.