WILLIAM M. TAFT, Plaintiff-Appellee, v. BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE VILLAGE OF WINTHROP HARBOR *et al.*, Defendants-Appellants.

Second District   No. 2—84—0560

Opinion filed May 31, 1985.

Ellis E. Fuqua, of Fuqua, Winter, Wysocki & Stiles, of Waukegan, and LeRoy W. Gudgeon, of Northfield, for appellants.

Thomas P. Stepanich, Ltd., of Waukegan, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiff, William M. Taft, a sergeant of the defendant, village of Winthrop Harbor police department, brought suit against the board of trustees of the Police Pension Fund and the village of Winthrop Harbor, in the circuit court of Lake County, seeking administrative review of the disability line of duty pension awarded to him. While granting him a pension, the defendant police pension board ruled the monthly benefits payable under the pension were to be reduced by the amount of any benefits payable to the plaintiff under the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*)[1], except for payments specifically excluded under section 3—151 of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 3—151).

The circuit court of Lake County reversed the decision of the police pension board in part, ruling that plaintiff had a right to a full pension without a reduction.

The defendants appeal and raise two issues: (1) what effect did

---

[1] This act was formerly entitled the Workmen's Compensation Act; but we will use the latest title when appropriate.

the revocation of section 1(b)(1) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.1(b)(2)), as of January 1, 1974, have upon the plaintiff's pension rights in light of the prohibition against "double-dipping" reenacted in section 3—151 of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 3—151), effective October 1, 1977; and (2) what effect do sections 7—109(2)(b) and 7—210(d) of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, pars. 7—109(2)(b) and 7—210(b)), which provide for transfer of persons from the Illinois Municipal Retirement Fund into a police pension fund and the termination of rights in IMRF, have upon the plaintiff's transfer from IMRF to the police pension fund as of May 1, 1981.

The question raised in this appeal is what are the disability pension benefits to which plaintiff is entitled following injuries incurred on August 28, 1981, which physically disabled him. Resolution of this issue requires a determination of what were his pension rights under the Illinois Municipal Retirement Fund (IMRF) (Ill. Rev. Stat. 1981, ch. 108½, par. 7—101 to par. 7—222) when his rights to benefits became vested on the effective date of the 1970 Illinois Constitution, July 1, 1971, pursuant to section 5 of article XIII of that constitution (Ill. Const. 1970, art. XIII, sec. 5), whether these benefits increased by legislative enactments subsequent to their initial vesting, and whether the pension benefits payable out of the police pension fund established under section 3—101 to section 3—151 of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, pars. 3—101 to 3—151) (Policemen's Pension Fund), to which his contributions to the IMRF were transferred by operation of law in May 1981, constitute a diminishment or impairment of his vested pension rights in contravention of section 5 of article XIII of the 1970 Illinois Constitution.

This issue arises as a result of plaintiff's receipt of a workers' compensation award for the injuries which resulted in his physical disability. Defendant, board of trustees of the Police Pension Fund, determined that section 3—151 of the Illinois Pension Code mandated that his pension benefits be reduced by the amount he received under the Workers' Compensation Act. Plaintiff contends that since a provision similar to section 3—151 did not exist with respect to IMRF participants when his pension rights vested, application of section 3—151 to reduce his pension payments diminishes and impairs his vested rights. The board maintains, however, that at the time plaintiff's pension rights became vested on July 1, 1971, section 1 of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48,

par. 138.1(b)(1)) provided that pension benefits to which a "government" employee is entitled must be reduced by the amount of his award under the Workers' Compensation Act. This provision, however, was deleted by Public Act 78—1141, effective October 1, 1974. Although a provision requiring the same reduction was added to the IMRF provisions and the Policemen's Pension Fund provision, it did not become effective until October 1, 1977. The board also contends that the IMRF provisions which transferred plaintiff's contributions from the IMRF to the policemen's pension fund and declared that the transfer terminated a participant's rights under the IMRF were contractual terms binding upon plaintiff.

The facts which raise this issue are not complicated and are not disputed. Plaintiff became a full-time member of the village of Winthrop Harbor police department in August 1968. At that time, the village's population was less than 5,000 inhabitants, and plaintiff became a member of the IMRF. While the provisions creating the IMRF did not require the reduction of pension benefits where an employee also received an award under the Workmen's Compensation Act, section 1 of the Workmen's Compensation Act provided that an employee

"who is *** or shall be entitled to receive a pension or benefit for or on account of disability or death arising out of or in the course of his employment from a pension or benefit fund to which the State or any county, town, township, incorporated village, school district, body politic, underwriters' fire patrol or municipal corporation therein is a contributor, in whole or in part, shall be entitled to receive only such part of such pension or benefit as is in excess of the amount of compensation recovered and received by such employee *** under this Act." Ill. Rev. Stat. 1969, ch. 48, par. 138.1(b)(1).

On July 1, 1971, the 1970 Illinois Constitution became effective. Section 5 of article XIII of the constitution provides:

"Membership in any pension or retirement system of the State, any unit of local government or school district, or any agency or instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired." Ill. Const. 1970, art. XIII, sec. 5.

The above-cited provision of the Workmen's Compensation Act was repealed by Public Act 78—1141, effective October 1, 1974. Effective October 1, 1977, provisions requiring the similar reduction of pension benefit payments were added to the IMRF provisions (Ill. Rev. Stat. 1981, ch. 108½, par. 7—222) and the Policemen's Pension

Fund provisions (Ill. Rev. Stat. 1981, ch. 108½, par. 3—151).

The population of the village increased and exceeded 5,000 by the 1980 census. Consequently, a police pension fund for full-time policemen was established in May 1981 pursuant to section 3—101 of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 3—101). According to section 7—109(2)(b) of the Code, plaintiff was excluded from participation in the IMRF upon the establishment of the policemen's pension fund. (Ill. Rev. Stat. 1981, ch. 108½, par. 7—109(2)(b).) His contributions to the IMRF were transferred to that fund pursuant to section 7—210, which further provided that "[s]uch transfer shall terminate any further rights of such employees under this fund." Ill. Rev. Stat. 1981, ch. 108½, par. 7—210(d).

Plaintiff applied for disability line of duty pension benefits arising from injuries sustained August 28, 1981, which the board granted in the sum of $1,211.22 per month, 65% of the salary of $1,863.41 per month attached to his rank and years of service as of the date of his suspension of duty. However, the board then applied section 3—151 of the Illinois Pension Code and reduced his pension benefits by the amount he received under the Workers' Compensation Act until such time as he no longer received payments under the Workers' Compensation Act.

Plaintiff timely filed a complaint for administrative review in the circuit court of Lake County. In its judgment, the circuit court determined that plaintiff's monthly benefits could not be reduced by section 3—151 under the 1970 Illinois Constitution. The court found that although sections 7—109(2)(b) and 7—210(d) contemplated the transferring of contributions from the IMRF to another pension fund, with such transfer terminating any further rights under the IMRF, a transfer could not act to reduce pension benefits.

Defendants moved to vacate this order and relied upon section 1 of the Workers' Compensation Act provision which existed in 1971 to argue that plaintiff's vested rights in 1971 included the provision which required the reduction of pension benefits in the amount of a workers' compensation award. The trial court denied this motion on the grounds that if that provision is considered, its repeal served to increase plaintiff's vested rights.

■ Defendants initially argue that plaintiff's vested rights as of July 1, 1971, included section 1 of the Workers' Compensation Act, which required the reduction of his pension benefits and that those vested rights, compared to those rights afforded to him by the Policemen's Pension Fund provisions, would not be diminished by the reduction of his benefits by the amount of his workers' compensa-

tion award. By comparing plaintiff's rights in 1971 to those in 1981, defendants find the repeal of the reduction provision of section 1 to be irrelevant as applied to the plaintiff. Next, defendants argue that since plaintiff's vested rights in 1971 included the provision that where contributions are transferred to another fund, "[s]uch transfer shall terminate any further rights of such employees under this fund" (Ill. Rev. Stat. 1981, ch. 108½, par. 7—210(d)), his rights were terminated under that contractual provision to which he had agreed, and thus application of section 3—151 does not constitute an impairment or diminishment of his rights.

Plaintiff responds that the Workers' Compensation Act has no effect in determining his vested rights, since that act serves a separate purpose and its provisions have never been considered to be vested. Further, this provision, according to the plaintiff, is not determinative of his rights since there was no evidence that the board contributed to his pension in 1971, a requisite to the reduction provision in the Workmen's Compensation Act. Additionally, he argues that the reduction provision, although couched in terms of a limitation on pension rights, was in reality a limit on workers' compensation benefits, and that the provision was repealed in 1974. With respect to the transfer provision of the IMRF provisions, plaintiff argues that reliance on that provision would be unconstitutional as well as a misinterpretation of the meaning of that provision.

In *Kraus v. Board of Trustees* (1979), 72 Ill. App. 3d 833, the court addressed the effect of section 5 of article XIII of the 1970 Illinois Constitution. The court defined the term "vesting" as a contractual right to and interest in a pension that may be upheld at law. (72 Ill. App. 3d 833, 836.) The court found that when section 5 became effective, its purpose and effect were to guarantee that a person entitled to pension benefits would receive not less than the benefits prescribed in these pension provisions. (72 Ill. App. 3d 833, 844.) Consequently, an amendment subsequent to the effective date of section 5 which acted to diminish a party's pension benefits was violative of that section. Further, the court determined that an employee's rights became fixed as of the time he entered the system or the time the constitutional amendment became operative, whichever was later, but not at the time of retirement. 72 Ill. App. 3d 833, 845.

In the instant case, consequently, plaintiff's benefits became vested on July 1, 1971. According to the IMRF provisions, a disability pension would not be reduced by a workers' compensation award. However, since vesting is defined in a contractual sense, the

reduction provision of section 1 of the Workers' Compensation Act, which was in effect on July 1, 1971, should be considered, since the law which exists at the time of the formulation of a contract is deemed to be a part of the contract as though it was expressly referred to or incorporated into it. (*Board of Trustees v. Department of Insurance* (1982), 109 Ill. App. 3d 919, 927.) Consequently, if plaintiff's disability occurred while he was a member of the IMRF and while the reduction provision in the Workers' Compensation Act controlled, the amount of his benefits would equal the amount which the board awarded him, and thus his vested rights would not have been diminished.

■ The next question is whether plaintiff's vested rights increased upon the repeal of the reduction provision of the Worker's Compensation Act. Based upon the decision in *Kuhlmann v. Board of Trustees* (1982), 106 Ill. App. 3d 603, it appears that his vested benefits increased. The court in *Kuhlmann* found that where a pension system increases an employee's benefits, the employee can take advantage of a beneficial pension change where he provides consideration for the contractual modification, most often taking the form of new or *continued* contributions to the pension system. (106 Ill. App. 3d 603, 607-08.) The appellate court found, therefore, that the plaintiff was entitled to a provision in effect in 1971, but not to a 1975 statutory amendment that increased the benefits of that earlier provision because he made no contributions to the pension system subsequent to his prior disability retirement. *Kuhlmann v. Board of Trustees* (1982), 106 Ill. App. 3d 603, 609; see *Kraus v. Board of Trustees* (1979), 72 Ill. App. 3d 833, 849 (nothing precludes the increase of benefits).

In the instant case, plaintiff continued to contribute to his pension fund following the repeal of the reduction provision of the Workers' Compensation Act. Consequently, his contractual rights regarding his pension benefits increased. This modification constitutes the vesting of additional rights.

■ The final question requires a determination of the effect of section 7—210(d) of the IMRF provision, which stipulates that a transfer of contributions from the IMRF to another fund "shall terminate any further rights of such employees under this fund." (Ill. Rev. Stat. 1981, ch. 108½, par. 7—210(d).) Since an employee's pension rights are considered contractual rights under section 5 of article XIII of the 1970 Illinois Constitution, where a party agrees to a provision which may act to subsequently deny him pension benefits otherwise due him, that provision does not become an unconstitu-

tional impairment of his vested benefits. (*Kerner v. State Employees' Retirement System* (1978), 72 Ill. 2d 507, 514-15, *cert. denied* (1979), 441 U.S. 923, 60 L. Ed. 2d 397, 99 S. Ct. 2032.) Defendants argue that since plaintiff agreed to this provision, when his contributions were transferred to the policemen's pension fund, his vested rights in the IMRF terminated.

Defendants' argument misinterprets this provision. Rather than terminating his vested pension rights, this provision terminates future rights under the IMRF. The rights which plaintiff asserts as vested rights, while deriving from his membership in the IMRF, are not being sought under the IMRF. Further, although that section was a term of plaintiff's pension contract when his rights vested, no provision relevant to any of the pension funds to which plaintiff's contributions could be transferred provided for the reduction of benefits. Since the law existing at that time, or after the repeal of section 1 of the Workers' Compensation Act if that act is considered, did not provide for the reduction of benefits, the amendment to the Policemen's Pension Fund provisions operates to unconstitutionally diminish plaintiff's pension rights. This conclusion reads all of the provisions of the Illinois Pension Code as terms of plaintiff's contract under the previously stated principle that the law existing at the time of the making of a contract is deemed to be a part of the contract. Consequently, although plaintiff's vested rights included the proviso that his rights under the IMRF will be terminated upon the transfer of his contributions to another fund, since none of those funds had a reduction provision, the amendment of the policemen's pension fund's provisions by section 3—151 after the effective date of the 1970 Illinois Constitution violated section 5 of article XIII of that constitution as applied to plaintiff.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

HOPF and REINHARD, JJ., concur.