HERMAN A. GUALANO, Plaintiff-Appellant, v. THE CITY OF DES PLAINES *et al.*, Defendants-Appellees.

First District (1st Division)   No. 84—3082

Opinion filed December 23, 1985.

Le Roy W. Gudgeon, of Northfield, for appellant.

Di Leonardi & Broihier, Ltd., of Des Plaines (John C. Broihier, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

On October 2, 1967, plaintiff Herman Gualano joined the Des Plaines Fire Department whose pension fund is administered by defendant, the board of trustees of the firemen's pension fund of the city of Des Plaines (the board). He was injured while on duty in November of 1979. Although Gualano did not work, he was paid his full salary for one year by defendant, the city of Des Plaines (the city). The salary payments were terminated as of November 28, 1980. Gualano wrote to a fire department official requesting payment for 40 days of accumulated sick leave, reduction days and holiday and vacation days, but no further action was taken. Gualano then applied for a disability pension. After a hearing was held, he was granted a disability pension based on a termination date of November 28, 1980. Shortly thereafter he received a workers' compensation award in the amount of $1,077. On February 6, 1984, the board acted to reduce Gualano's disability pension benefits by the amount of his workers' compensation award.

On February 29, 1984, Gualano filed the instant two-count suit for declaratory judgment. In count I, Gualano alleged that the reduction of his pension benefits by the amount of his worker's compensation award was improper. In count II, Gualano contended that the board's computation of his pension based on a termination date of November 28, 1980, failed to take into account 40 days of accumulated sick leave, reduction days, and holiday and vacation days. He claims that the city should have either kept him on the payroll for an additional 40 work days which would have qualified him for a larger pension or paid him for those accumulated days.

The trial court granted defendants' motion for summary judgment with respect to count I and, on the board's motion, dismissed count II of the complaint on the grounds that it was barred for failure to comply with the provisions governing judicial review of administrative decisions.

Two issues are raised by plaintiff's appeal: (1) whether the reduction of his pension by the amount of his worker's compensation award was proper; and (2) whether a declaratory judgment action is an appropriate method seeking judicial review of the allegations in count I of his complaint.

■ As to the first issue, the Illinois Constitution provides that membership in a pension system of any local governmental unit in the State is "an enforceable contractual relationship, the benefits of which shall not be diminished or impaired." (Ill. Const. 1970, art. XIII, sec. 5.) An employee's rights in the system vest, either at the time he enters the system or in 1971 when the 1970 Constitution became effective, whichever is later. (*Kraus v. Board of Trustees* (1979), 72 Ill. App. 3d 833, 390 N.E.2d 1281.) "Vesting" refers to the employee's acquisition of a contractual right to the benefits of the pension system. *Kuhlmann v. Board of Trustees* (1982), 106 Ill. App. 3d 603, 607 n.1, 435 N.E.2d 1307.

■ Because vesting is thus defined in a contractual sense, an employee's "contractual relationship" with the State incorporates the law which exists at the time when his contractual rights to his pension vest. (See *Board of Trustees v. Department of Insurance* (1982), 109 Ill. App. 3d 919, 927, 441 N.E.2d 107.) Prior to 1974, employees' pension rights were limited by a provision in the Workers' Compensation Act which provided that a governmental employee's pension benefits must be reduced by the amount of money received under the Workers' Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1(b)(1)). In 1974,however, the Workers' Compensation Act was amended to eliminate this provision. It was not until 1977, that the Pension Code was amended to insert a similar provision that pension benefits were to be reduced by Workers' Compensation benefits being received. Ill. Rev. Stat. 1977, ch. 108½, par. 4—143.

Two districts of the appellate court have considered the question of whether an employee's vested pension rights were increased by the elimination of the reduction provision of the Workers' Compensation Act. In *Sellards v. Board of Trustees* (1985), 133 Ill. App. 3d 415, 478 N.E.2d 1123, a panel from the First District rejected the argument that an employee's pension rights were increased by the elimination of section 1(b)(1) (Ill. Rev. Stat. 1973, ch. 48, par. 138.1(b)(1)), stating that an employee's pension rights are fixed at the time of vesting and "[t]he Constitution does not provide that a person has a vested right in any beneficial changes in a pension system." *Sellards v. Board of Trustees* (1985), 133 Ill. App. 3d 415, 417.

However, in *Taft v. Board of Trustees* (1985), 133 Ill. App. 3d 566, 479 N.E.2d 31, the Second District held that where a pension system increases an employee's benefits, the employee can take advantage of a beneficial pension change when he provides additional consideration for the contractual modification, usually taking the form of new or continued contributions to the pension system. (133 Ill. App. 3d 566,

572, 479 N.E.2d 31.) Because the employee in *Taft* continued to contribute to his pension fund following the repeal of section 1(b)(1), his contractual rights to his pension benefits increased and he was vested with additional rights. (133 Ill. App. 3d 566, 572-73, 479 N.E.2d 31.) The supreme court denied leave to appeal in *Taft*.

■ We find that the contractual analysis used in *Taft* is supported by other cases which recognize that an employee may not acquire contractual right to a beneficial change in the pension system unless the employee provides additional consideration for the contractual modification. (*Kuhlmann v. Board of Trustees* (1982), 106 Ill. App. 3d 603; *Ziebell v. Board of Trustees* (1979), 73 Ill. App. 3d 894, 392 N.E.2d 101; *Kraus v. Board of Trustees* (1979), 72 Ill. App. 3d 833, 849, 390 N.E.2d 1281.) We elect to follow *Taft* rather than *Sellards*.

■ In the instant case, plaintiff continued to contribute to his pension fund following the elimination of section 1(b)(1). This modified plaintiff's contractual rights and resulted in the vesting of right to an additional pension benefit. The subsequent enactment of section 4—103 of the Pension Code reinstituting the reduction provision could not constitutionally diminish his vested rights. Therefore, the reduction of plaintiff's pension benefits by the amount of his worker's compensation was improper. We reverse the trial court's grant of summary judgment for defendants and remand the cause with directions to grant plaintiff's motion for summary judgment.

■ With respect to the second issue raised on appeal, plaintiff now attempts to characterize count II of his complaint as asserting separate and distinct claims against the board and the city. He asserts that count II seeks judicial review of the board's computation of his disability pension and the city's refusal either to keep him on the city payroll or pay him for 40 days of accumulated sick leave and vacation days. However, it appears from the language of plaintiff's prayer for relief in count II that his claim in essence focuses on the board's computation of his pension. The trial court dismissed count II as against both defendants.

The Administrative Review Act, now codified as Ill. Rev. Stat. 1983, ch. 110, pars. 3—101 to 3—112, governs judicial review of a final decision of an administrative agency where such manner of review is expressly provided for in the act creating or conferring power on the agency. (*Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 101 N.E.2d 71.) Where administrative review is expressly provided for, resorting to any other mode of judicial review is improper. (410 Ill. 35, 37-38, 101 N.E.2d 71.) In order to obtain judicial review of an administrative decision, plaintiff must file a complaint within 35

days from the date that a copy of the decision sought to be reviewed was served on the party affected. (Ill. Rev. Stat. 1983, ch. 110, par. 3—103.) The 35-day limitation is a jurisdictional requirement, and a plaintiff who fails to file a complaint within the specified time is barred from seeking review of the administrative decision. *Varnes v. Dougherty* (1976), 39 Ill. App. 3d 476, 479, 350 N.E.2d 6, *appeal denied* (1976), 63 Ill. 2d 564.

Here, section 4—139 of the Pension Code (Ill. Rev. Stat. 1983, ch. 108½, par. 4—139) specifically provides that the Administrative Review Act shall govern the board's computation of plaintiff's pension. Plaintiff's disability pension was awarded on May 14, 1981, but he did not seek judicial review until February 29, 1984, 32 months later. Clearly, the trial court lacked jurisdiction to review the board's decision and properly dismissed count II as against the board. The trial court also dismissed count II as against the city, finding that it was "nothing more than a thinly veiled attempt to avoid the effect and purpose of the Administrative Review Act." We affirm the trial court's dismissal of count II.

Affirmed in part, reversed in part and remanded with directions.

BUCKLEY, P.J., and QUINLAN, J., concur.