GARY ECKMAN, Plaintiff-Appellee, v. BOARD OF TRUSTEES FOR THE POLICE PENSION FUND FOR THE CITY OF ELGIN *et al.*, Defendants-Appellants.

Second District   No. 2—85—0259

Opinion filed May 21, 1986.

Erwin W. Jentsch and Daniel P. Blondin, both of Elgin, for appellants.

William F. Castillo, of Ariano, Anderson, Bazos, Hardy, Kramer & Castillo, of Elgin, for appellee.

JUSTICE HOPF delivered the opinion of the court:

Plaintiff, Gary Eckman, filed a complaint for administrative review of an action taken by the defendant board of trustees of the police pension fund for the city of Elgin (board), wherein the board, pursuant to section 3—151 of the Illinois Pension Code (the Code), reduced plaintiff's disability pension benefits in an amount equal to workers' compensation benefits he was to receive from the city of Elgin. (Ill. Rev. Stat. 1983, ch. 108½, par. 3—151 (now codified as Ill. Rev. Stat. 1985, ch. 108½, par. 3—114.5)).) The board filed a motion to dismiss plaintiff's complaint, alleging that the board's action was not subject to administrative review. The trial court denied the board's motion to dismiss. At a subsequent hearing on plaintiff's complaint for administrative review the court ruled in plaintiff's favor, reversing the board's decision to reduce plaintiff's disability pension benefits pursuant to section 3—151 of the Code. The board appeals.

In this court the defendants argue that the trial court erred in finding that the board's interpretation and application of section 3—151 of the Code was unconstitutional; that the board's action in reducing plaintiff's disability pension benefits did not constitute an administrative decision subject to review; and that the board's action, if subject to administrative review, was not against the manifest weight of the evidence.

On October 21, 1983, plaintiff, a police officer employed by the city of Elgin and a contributor to the police pension fund administered by the board, applied for disability pension benefits. Plaintiff sought work related disability benefits, maintaining that he had incurred certain injuries to his back on August 27, 1982, and October 21, 1982, while on duty. The board sent plaintiff to three doctors for their respective opinions regarding plaintiff's physical condition. All agreed that plaintiff's condition presently prevented him from performing regular or even light duty. Based on the opinions of these doctors but also on the fact that the board believed the plaintiff had not incurred the injuries while on duty in August and October 1982, the board decided to award plaintiff nonduty disability pension benefits, or benefits worth 50% of his former salary as a police officer. In a letter dated December 13, 1983, the board informed plaintiff that it had elected to place him on "a regular disability pension."

On or about March 20, 1984, plaintiff, who had also filed a claim against the city of Elgin for workers' compensation benefits for the August and October 1982 injuries, entered into a lump-sum settlement agreement with the city. On April 19, 1984, the board, upon

receipt of a letter indicating plaintiff's lump-settlement award by workers' compensation, reduced plaintiff's pension payments by the amount equal to plaintiff's settlement award, pursuant to section 3—151 of the Code. (Ill. Rev. Stat. 1983, ch. 108½, par. 3—151 (now codified as Ill. Rev. Stat. 1985, ch. 108½, par. 3—114.5).) The board notified plaintiff of this reduction in a letter dated April 20, 1984.

On June 8, 1984, plaintiff filed a complaint for judicial review of administrative decision, requesting that the board's April 19 decision reducing plaintiff's pension benefits be reversed and that the board be ordered to pay the benefits to plaintiff without deduction for monies received by plaintiff as a result of the workers' compensation settlement. Alternatively, plaintiff requested the court to modify the board's December 1983 decision placing plaintiff on a non-duty-related disability pension to a duty-related pension, awarding plaintiff, retroactively, pension benefits of 65% of his former salary rather than benefits of 50%, as formerly determined by the board.

The board filed a motion to dismiss, stating that the board's administrative act of reducing plaintiff's pension benefits did not constitute a decision subject to administrative review, as its action was mandated by section 3—151 of the Code. (Ill. Rev. Stat. 1983, ch. 108½, par. 3—151 (now codified as Ill. Rev. Stat. 1985, ch. 108½, par. 3—114.5).) Additionally, the board maintained that the plaintiff was barred from seeking modification of the board's December 1983 decision since plaintiff did not seek administrative review of that decision within 35 days of his receipt of that decision as required by the Administrative Review Law. (Ill. Rev. Stat. 1983, ch. 110, par. 3—103.) At a hearing conducted on the board's motion to dismiss on October 9, 1984, the court denied the motion.

Subsequently, the board filed a record of proceedings of the board of trustees for the Elgin police pension fund pertaining to the disability pension due plaintiff. This record was supplemented with plaintiff's letter to the board regarding his injuries. After consideration of this record and the supporting memoranda of the parties, the trial court interpreted section 3—151 of the Code to mean that an individual's disability pension benefits should be reduced by the amount of his workers' compensation benefits only when a work-related pension is involved. To interpret the statute as referring to both the work-related and non-work-related pension benefits, as the board did, would, in the trial court's opinion, permit "double recovery" by the board. The court found the board's interpretation of section 3—151 to be unconstitutional and further recommended that the legislature should amend the language of the statute to "clarify

and specifically provide that the reduction of pension benefits by a lien against workers' compensation proceeds may only occur in work-related pensions and not in non-work-related pensions."

The court reversed the board's decision reducing plaintiff's benefits and ordered the board to pay plaintiff pension benefits without reduction for benefits received in conjunction with the workers' compensation settlement as well as to reimburse plaintiff for pension benefits the board had previously deducted.

The board filed a timely notice of appeal.

■■ ■ We first consider whether the trial court erred in finding that the board's interpretation and application of section 3—151 of the Illinois Pension Code was unconstitutional. In its order the trial court found the board's interpretation of section 3—151 to be unconstitutional, as it would permit "double recovery" by the board. In reality, however, the question addressed by the trial court did not concern the constitutionality of the board's interpretation of the statute but rather the reasonableness. It is this question of reasonableness which we consider in this opinion.

The parties have presented no cases dealing with an interpretation of section 3—151. Our research has revealed only one, a case from this district, *Taft v. Board of Trustees* (1985), 133 Ill. App. 3d 566, 479 N.E.2d 31, which did involve section 3—151. In *Taft*, this court was concerned with the reduction of a police officer's disability pension benefits by the amount of benefits payable to him under the Workers' Compensation Act. However, the reduction was not objected to for the same reasons espoused here (see 133 Ill. App. 3d 566, 479 N.E.2d 31), and the case did not require this court to construe the statute.

Additionally, our review of other pension statutes which contain language nearly identical to that found in section 3—151, *e.g.*, General Assembly Retirement System (Ill. Rev. Stat. 1985, ch. 108½, par. 2—121.2), firefighters' pension fund (Ill. Rev. Stat. 1985, ch. 108½, par. 4—114.2), Illinois Municipal Retirement Fund (Ill. Rev. Stat. 1985, ch. 108½, par. 7—222), and Judges Retirement System of Illinois (Ill. Rev. Stat. 1985, ch. 108½, par. 18—128.2), has disclosed only one other case pertaining to the effect of workers' compensation benefits upon disability pension benefits. That case, *Sellards v. Board of Trustees* (1985), 133 Ill. App. 3d 415, 478 N.E.2d 1123, involved a reduction of a fireman's disability pension benefits by the amount of payments he was receiving under workers' compensation. The issue upon review in *Sellards* was dissimilar to the present issue. However, of note to our determination in the instant

case is the fact that the *Sellards* opinion indicates the injury which resulted in the reduction of the pension benefits was duty related. Likewise, the injury resulting in the pension benefits in *Taft* was also work related.

In circumstances such as exist in the instant case where the statute in question has not yet been judicially interpreted, "a court is guided by both the plain meaning of the language in the statute as well as legislative intent. [Citation.]" (*Tisoncik v. Szczepankiewicz* (1983), 113 Ill. App. 3d 240, 245, 446 N.E.2d 1271.) When the statutory language is clear and unambiguous, the court's only function is to enforce the law as enacted by the legislature. (*Price v. State Farm Mutual Automobile Insurance Co.* (1983), 116 Ill. App. 3d 463, 470, 452 N.E.2d 49.) But, where a statute is unclear or susceptible to more than one meaning, as the parties contend here, then an appellate court must interpret the statute to clarify its application. *Penman v. Board of Trustees* (1981), 94 Ill. App. 3d 139, 144, 418 N.E.2d 795.

The relevant portion of section 3—151 provides:

"Whenever any person is entitled to a disability or survivors benefit under this Article and to benefits under the Workers' Compensation Act or the Workers' Occupational Diseases Act in relation to the same injury or disease, the monthly benefits payable under this Article shall be reduced by the amount of any such benefits payable under either of those Acts ***." (Ill. Rev. Stat. 1983, ch. 108½, par. 3—151 (now codified as Ill. Rev. Stat. 1985, ch. 108½, par. 3—114.5).)

The apparent intention of section 3—151, in this court's opinion, is to prevent an individual from recovering twice for the same work-related injury and, therefore, we agree with plaintiff's interpretation that the phrase "in relation to the same injury or disease" means that the injury or disease in question must be sustained in the police officer's line of duty. Otherwise, the pension benefits and workers' compensation benefits could not be related to the same injury, as under the terms of the Workers' Compensation Act, an individual can only be compensated for an injury which "aris[es] out of and in the course of employment." (Ill. Rev. Stat. 1983, ch. 48, par. 138.2; *Unger v. Continental Assurance Co.* (1985), 107 Ill. 2d 79, 85, 481 N.E.2d 684.) "Arising out of" refers to the causal connection between the employment and the injury while "in the course of" employment involves the time, place and circumstances of the injury. 107 Ill. 2d 79, 85, 481 N.E.2d 684.

The board's argument that all the benefits were for the *same* in-

jury is not based on the fact that the injury in question was a back injury but on the fact that in claiming both the pension benefits and the workers' compensation benefits, plaintiff utilized the same dates, August 27, 1982, and October 21, 1982, as the dates on which the injury occurred. Because the dates of the injury were the same for both claims, the board concludes that only one injury, the same injury, was the subject of the pension benefits and the workers' compensation benefits. This argument totally ignores that the board, in finding that plaintiff's injury was non-duty-related, noted in its record of proceedings that plaintiff filed no injury report on either of these dates, failed to mention to his superior that he had been injured on these dates, and also stated in the insurance claim for treatment on his back that he did not know how the injury occurred and that he had been bothered off and on since 1977 by the same injury. Thus, the record of the board's meetings strongly implies that it concluded the injury for which it awarded disability pension benefits did not occur on the August and October dates.

As a result of its finding, the board cannot now complain because another agency concluded otherwise and decided to award plaintiff work-related benefits for an injury that agency determined did occur on the August and October 1982 dates. Based on the language of the statute and the fact that the board determined the injury under consideration by it was not work related, we believe that the trial court was correct.in concluding that the injury for which plaintiff received his pension benefits and the injury for which he received his workers' compensation benefits did not constitute the same injury.

In construing a statutory enactment, the primary purpose is to ascertain the legislature's intention, not only from the language which it has used, but also from the reason and necessity for the act, the evils sought to be remedied, and the objects and purposes sought to be obtained. (*Cloninger v. National General Insurance Co.* (1985), 109 Ill. 2d 419, 424, 488 N.E.2d 548.) In our view, the purpose of the enactment of section 3—151 and identical sections in other pension statutes of this State was to prevent an individual from recovering both pension benefits and workers' compensation benefits for an injury that arose out of and in the course of one's employment. We conclude that the plaintiff's interpretation of section 3—151 is both reasonable and the one intended by the legislature and that, therefore, the trial court was correct in finding in plaintiff's favor. Further, we agree with the trial court's recommendation that the legislature of this State should review the language

of section 3—151 to clarify its application.

Interrelated with the issue of the interpretation of section 3—151 is the board's contention that its act of reducing plaintiff's disability pension benefits did not constitute an administrative decision subject to review. It is the board's position that because section 3—151 required it to reduce plaintiff's pension benefits, the board's subsequent act of compliance equaled nothing more than a ministerial act. Thus, the board argues, the trial court's denial of the board's motion to dismiss plaintiff's complaint for administrative review was erroneous as no administrative decision existed for review. Alternatively, the board argues that if its decision was subject to administrative review, it was not against the manifest weight of the evidence.

On the other hand, plaintiff maintains that the board's actions constituted an administrative decision as defined in section 3—101 of the Administrative Review Law. That section provides:

> " 'Administrative decision' or 'decision' means any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." (Ill. Rev. Stat. 1983, ch. 110, par. 3—101.)

Plaintiff argues that since the board's decision affected his legal rights, duties, or privileges in regard to his receipt of his pension benefits, the board's decision equaled an administrative decision and, as such, was subject to review by the trial court. Additionally, plaintiff asserts that the board's administrative act of reducing plaintiff's disability pension benefits was barred by the principle of collateral estoppel and, therefore, was contrary to the manifest weight of the evidence.

The doctrine of collateral estoppel is designed to prevent the relitigation of the same issue which was decided in a prior action and which is also material to the resolution of the present action. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 432-33, 447 N.E.2d 834.) The doctrine applies to judgments and issues determined in agency proceedings (*McKinney v. City of East St. Louis* (1963), 39 Ill. App. 2d 137, 188 N.E.2d 341), as well as to adjudications of issues by courts of competent jurisdiction. Since the board previously decided in December 1983 to award plaintiff a non-duty-related pension instead of the "line of duty" pension for which he applied, we find the board was collaterally estopped from deciding in April 1984 that the disabling condition for which plaintiff was re-

ceiving disability pension benefits constituted the same injury for which he was to receive workers' compensation benefits, or benefits for an injury arising out of and in the course of employment. (*Deal v. Industrial Com.* (1976), 65 Ill. 2d 234, 237, 357 N.E.2d 541.) Consequently, the board's decision to reduce plaintiff's non-duty-related pension benefits by the amount of his work-related workers' compensation benefits was clearly against the manifest weight of the evidence.

■ A board of trustees for a pension fund possesses no powers other than those given to it in the act creating it. (*Bowden v. Flannery* (1958), 18 Ill. App. 2d 299, 313, 152 N.E.2d 188.) To give validity to its findings and orders an agency must act in accordance with the powers promulgated by the legislature. (*Ragano v. Civil Service Com.* (1980), 80 Ill. App. 3d 523, 527, 400 N.E.2d 97.) In the instant case, the act creating the board gave it the power to reduce an officer's pension benefits only when those benefits were due to the same work-related injury for which he was also receiving workers' compensation benefits. Therefore, in reducing plaintiff's non-work-related pension benefits by the sum of his work-related workers' compensation benefits, the board acted beyond the powers and authority given to it by the Illinois Pension Code. Since the purpose of judicial review of an administrative agency's decision is to keep the agency within its statutory grant of authority and thus protect the rights of the parties which are guaranteed by the constitution and statutes (80 Ill. App. 3d 523, 527, 400 N.E.2d 97), it was proper for the court to review the agency's decision.

Based on all the reasons given above, we affirm the judgment of the circuit court of Kane County.

Affirmed.

REINHARD and STROUSE, JJ., concur.