WILLIAM P. CARR, Plaintiff-Appellee, v. THE BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF PEORIA, Defendant-Appellant.

Third District   No. 3—86—0554

Opinion filed May 28, 1987.

Dennis R. Triggs, of David & Morgan, of Peoria, for appellant.

Mark Rabin, of Long, Rabin & Young, Ltd., of Springfield, and Paul J. Bargiel, of Chicago, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff William Carr filed a complaint against the defendant, the board of trustees of the Police Pension Fund of Peoria, Illinois. The plaintiff alleges that the defendant wrongfully offset the plaintiff's pension disability benefits by the amount of a workers' compensation award plaintiff received. The trial court found that the defendant wrongfully modified the plaintiff's pension benefits.

The defendant contends the following on appeal: (1) that the defendant's reduction of plaintiff's pension benefits by the amount he received under the Workers' Compensation Act was not precluded by

section 5 of article 13 of the Illinois Constitution (Ill. Const. 1970, art. XIII, sec. 5); and (2) that the plaintiff's injury is not a "permanent and complete" loss and thus, the reduction of plaintiff's pension benefits was appropriate under the Illinois Pension Code. (Ill. Rev. Stat. 1985, ch. 108½, par. 3—114.5.) Because of the view we take concerning the first issue, it is not necessary to discuss whether the plaintiff's injury was permanent.

■■ The Illinois Constitution states that membership in a pension system of any local governmental unit in the State is "an enforceable contractual relationship, the benefits of which shall not be diminished or impaired." (Ill. Const. 1970, art. XIII, sec. 5.) Vesting of an employee's rights in the system occurs either at the time the employee entered the system or in 1971, when the Constitution became effective, whichever is later. (*Kraus v. Board of Trustees of the Police Pension Fund* (1979), 72 Ill. App. 3d 833, 390 N.E.2d 1281.) Vesting is an employee's acquisition of contractual rights in the benefits of a pension system. (*Kuhlmann v. Board of Trustees of the Police Pension Fund* (1982), 106 Ill. App. 3d 603, 435 N.E.2d 1307.) Thus, because an employee acquires contractual rights upon the vesting of his pension, the law existing at the time of vesting is incorporated into the agreement. (*Board of Trustees of the Firemen's Pension Fund v. Department of Insurance* (1982), 109 Ill. App. 3d 919, 441 N.E.2d 107.) Plaintiff began his employment with the city of Peoria police department in June of 1965. The plaintiff was required to make contributions to the pension fund one month after beginning employment with the department. The plaintiff's pension rights vested when the constitutional provision became effective in 1971. At the time of vesting, the plaintiff's rights were limited by section 138.1(b)(1) of the Workers' Compensation Act. The provision provided that a governmental employee's pension benefits must be reduced by the amount of money received under the Workers' Compensation Act. (See Ill. Rev. Stat. 1973, ch. 48, par. 138.1(b)(1).) In October of 1974 this provision was repealed. However, on October 1, 1977, section 3—151 was added to the Pension Code governing the police pension funds. (Ill. Rev. Stat. 1981, ch. 108½, par. 3—151.) That provision, like section 138.1(b)(1) of the Workers' Compensation Act, permitted the reduction of police pension disability benefits by the amount received by an individual pursuant to the Workers' Compensation Act. On January 1, 1985, section 3—151 was repealed; however, the provisions of section 3—151 were reenacted that same day in section 3—114.5 of the Illinois Pension Code. (Ill. Rev. Stat. 1985, ch. 108½, par. 3—114.5.) During the initial repeal period, the plaintiff continued to contribute to the pen-

sion fund. The plaintiff was injured while on duty with the city of Peoria police department in June of 1983. Thereafter plaintiff began to receive a service-related disability pension. On September 6, 1985, a lump sum settlement was approved by the Illinois Industrial Commission with respect to the injuries plaintiff suffered in 1983. The plaintiff contends that the continued contributions made by him during the original repeal period resulted in additional rights being vested in his pension agreement with the police fund. Specifically, plaintiff contends, and the trial court found, that the reduction of his benefits by the amount of a workers' compensation award he received was improper.

Several cases have addressed similar issues concerning pension rights with regard to workers' compensation awards. The courts have decided the question of whether an employee's vested pension rights were increased by the elimination of the reduction provision of the Workers' Compensation Act. In *Sellards v. Board of Trustees of the Rolling Meadows Firemen's Pension Fund* (1985), 133 Ill. App. 3d 415, 478 N.E.2d 1123, the First District held that an employee's pension rights were not increased by the 1974 repeal. The court stated that an employee's pension rights are fixed at the time of vesting and that the Constitution does not provide for additional rights in beneficial changes. (133 Ill. App. 3d 415, 478 N.E.2d 1123.) In the instant case the plaintiff continued to make contributions to the pension fund. In *Sellards*, the court did not address the effect of pension contributions during the period that the statute was repealed. However, in *Taft v. Board of Trustees of the Police Pension Fund* (1985), 133 Ill. App. 3d 566, 479 N.E.2d 31, the Second District held that where a pension system increases an employee's benefits, the employee can take advantage of a beneficial change when he provides additional consideration for the contractual modification. The additional consideration usually takes the form of new or continued contributions to the pension system. (133 Ill. App. 3d 566, 479 N.E.2d 31.) In *Taft*, the employee continued to contribute to his pension fund following the original repeal of the reduction provision. Based upon his continued contributions, the court found that the party's pension benefits increased and he was vested with additional rights. (133 Ill. App. 3d 556, 479 N.E.2d 31.) A similar result was reached by the First District in the case of *Gualano v. City of Des Plaines* (1985), 139 Ill. App. 3d 456, 487 N.E.2d 1050. In *Gualano*, the plaintiff continued to contribute to his pension fund following the repeal of the reduction provision. The *Gualano* court found that the continued contributions modified the plaintiff's contractual rights and resulted in the vesting

of an additional pension benefit. The court further found that the subsequent enactment of section 3—151 of the Pension Code, which reinstituted the reduction provision, could not constitutionally diminish the plaintiff's vested rights. (139 Ill. App. 3d 456, 487 N.E.2d 1050.) In this case the plaintiff continued to make contributions to the pension fund during the original repeal period. Based on *Taft* and *Gualano*, this court finds that because of his continued contributions the plaintiff has acquired an additional pension benefit. Consequently, the trial court was correct in finding that the reduction of the plaintiff's pension benefits by the amount of the plaintiff's compensation award was improper.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY, P.J., and HEIPLE, J., concur.