128 Ill. App.2d 369 (1970)
262 N.E.2d 22
Norman Freberg, Plaintiff-Appellee,
v.
The Board of Trustees of the Firemen's Pension Fund of the City of Highland Park, Illinois, Defendant-Appellant.
Gen. No. 69-200.
Illinois Appellate Court  Second District.
September 1, 1970.
*370 LeRoy W. Gudgeon, of Chicago, and Berle L. Schwartz, Assistant Corporation Counsel of City of Highland Park, for appellant.
Hall, Meyer, Fisher, Holmberg, Snook & May, of Waukegan, for appellee.
JUSTICE THOMAS J. MORAN delivered the opinion of the court.
Plaintiff was denied a disability pension by the defendant. Upon administrative review, the trial court reversed the order of the defendant and this appeal followed.
In June of 1947, the plaintiff became a member of the fire department of the City of Highland Park and, shortly thereafter, was enrolled as a beneficiary under defendant's fund. Except for one minor incident, plaintiff's service record was good and, through the years, he attained the rank of Lieutenant.
On November 18, 1965, plaintiff was suspended without pay, for conduct unbecoming an officer, the suspension grounded upon acts (which the plaintiff admitted) of indecent exposure before children.
A formal proceedings was conducted before a hearing officer of the civil service commission, during which plaintiff was represented by counsel. Introduced at this hearing was testimony of the plaintiff, his wife, the chief of the department and a psychiatrist. It was the plaintiff's theory that his acts had been the result of a mental disturbance which was of a temporary nature, that said disturbance was corrected and that he should be returned to service. The hearing officer rendered a written report to the civil service commission, which report included findings of fact, conclusions of law and fact, recommendations, *371 and comments. It was the hearing officer's recommendation that the plaintiff be suspended, without pay, for one year.
Upon review before the full civil service commission, the hearing officer's findings of fact and conclusions of law and fact were adopted by the commission. His recommendation that the plaintiff be suspended for one year was overruled, and the plaintiff was discharged as of July 19, 1967.
No appeal was taken from this decision.
On November 6, 1967, the plaintiff, through his attorney, made application to the defendant board for a nonservice connected disability pension under section 4-111 of the Illinois Pension Code (Ill Rev Stats 1967, c 108 1/2, § 4-111). At the hearing, certain documentary evidence was introduced, which included the findings of the defendant's doctor who examined the plaintiff and issued an opinion that the plaintiff was "... a permanently emotionally disturbed fireman and should not return to his work." On June 14, 1968, the defendant rendered a decision which denied the plaintiff's application for a disability pension and directed that its treasurer refund to the plaintiff, on demand, the total amount of his contributions to the fund.
Upon administrative review, the trial court entered an order reversing this decision and remanding the matter to the defendant with directions to grant plaintiff's application for a disability pension as of the date of his termination from the service and, further, rescinding the defendant's order refunding the plaintiff's contribution to the fund.
On appeal, the defendant argues (1) that a pension cannot be granted to an applicant who has been discharged prior to attaining a minimum of 20 years of service and (2) the evidence sustains the finding of the defendant that the plaintiff was not permanently mentally disabled.
*372 Between the time of the civil service commission hearing and that of the pension board hearing, plaintiff has changed his position. During the former proceedings he claimed that his condition was temporary, not permanent, that he had been cured and that he should be restored to active duty. In this proceedings, however, it is now plaintiff's position that his discharge was based upon a permanent mental disability which occurred prior to the discharge and that he, therefore, should be entitled to a disability pension under the statute.
It is defendant's argument that, upon his discharge, the plaintiff ceased to be a fireman and was thereafter barred from receiving any benefits under the same section of the statute.
The section in question (Ill Rev Stats 1967, c 108 1/2, § 4-111) reads as follows:
"Disability pension  not in duty. Any fireman having at least 10 years of creditable service who becomes disabled as a result of any cause other than the performance of an act of duty, and who is found, upon examination by a competent physician ordered by the Board, to be physically or mentally permanently disabled so as to render necessary his retirement from service in the fire department, shall be granted a disability pension of 50% of his monthly compensation at the date of such retirement."
We feel it essential to consider other sections of the same article to determine the intent of the Legislature in the specific section here involved.
Section 4-112 of the Code (Ill Rev Stats 1967, c 108 1/2, § 4-112) relates to the cessation of disability pensions and states:
"Upon satisfactory proof being made to the Board that a fireman on the disability pension roll has recovered *373 from his disability, the Board shall order that his pension cease. The fireman shall report to the marshall or the chief of the fire department, who shall thereupon order his reinstatement into active service, in the same rank or grade which he held at the time of his retirement for disability."
Section 4-113 (Ill Rev Stats 1967, c 108 1/2, § 4-113) concerns an option for those upon disability and states:
"A fireman who completes 20 years of service and is age 50 or more, and who is on the disability pension roll under the foregoing sections, may, at his option, by written application to the Board, continue to receive, in lieu of any amounts which otherwise would be payable to him under Section 4-109 of this Article, a retirement pension for the remainder of his life, of 1/2 of his monthly salary at the date of his retirement on disability. A fireman electing to exercise such option shall be entitled as creditable service, in addition to the periods included in computing a fireman's service under Section 4-109 for the time he was on disability...."
Section 4-116 of the Code (Ill Rev Stats 1967, c 108 1/2, § 4-116), applicable to the refunding of contributions paid into the fund, states:
"A fireman having less than 20 years of service who resigns or is discharged after the effective date of this amendatory Act of 1965, and who has not theretofore received any disability pension payments, shall be entitled to a refund of the total amount contributed to the fund from his salary during such service. In the event of his re-employment in the service, such prior period of service shall not be included in determining his eligibility to a pension, unless *374 upon his re-entry he reimburses the fund in full for the amount refunded...."
In section 4-111, the phrase, "... so as to render necessary his retirement from service ...," implies that the individual must still be a fireman at the time of application. Additionally, we interpret the words, "any fireman" to mean a fireman on active duty, one on inactive duty, one on a leave of absence, one suspended, or one retired, but not an individual who has been discharged. A fireman, once discharged, ceases to be a fireman and his employment in such capacity is terminated. In the case at bar, the order of discharge was not appealed and was therefore final; the plaintiff can no longer be termed "a fireman."
Under section 4-112, when a disabled fireman recovers, his pension ceases and he is then ordered reinstated to active service by the fire chief or marshall. In the instant case, the fact that plaintiff has been discharged precludes the possibility of any reinstatement.
Under section 4-113 (and the circumstances of this case), if plaintiff was to be allowed a disability pension, he would eventually have a right to apply for a regular pension since the time on disability pension accrues as creditable service time toward the 20 years necessary for retirement.
The effect of accepting plaintiff's theory would be to place him in a special classification wherein he would receive the benefits of these sections, without being bound by the obligations. Thus, a person discharged for cause would benefit from a special classification which arose from that discharge, permitting him to profit from his own misconduct. We cannot interpret this to be the intent of the Legislature.
[1] From a reading of the statute as a whole, it is our opinion that the plaintiff is not entitled to receive a disability pension under the circumstances of this case.
*375 [2] In McGann v. Harris, 114 Ill. App. 308 (1904), the applicant, a policeman, had, in the line of duty, suffered a permanent injury. He was later discharged, not for cause as in the instant case but for political reasons. Subsequently, he applied for a disability pension. The statute involved, while relating to a policeman and concerning in-service connected disabilities, was similar to the statute in question and the Court, in denying the pension, stated, at pages 310-311:
"... the statute apparently contemplates that a policeman physically disabled while in, and in consequence of the performance of his duty shall be retired from active service, it regards him as still a member of the force notwithstanding such retirement, subject to be assigned to duty in case of emergency. It is true that statute does not in terms require that he shall be a member when he makes his request for retirement and pension, but only that he shall have received his disability while in, and in consequence of, the performance of his duty as such member. Yet no power is conferred upon the Board of Police Pension Fund Commissioners to reinstate a policeman who has been discharged. Appellee was not, apparently, under the protection of the Civil Service Act, and whatever may have been the reason assigned for his discharge, it does not appear and is not claimed that the discharge was not at the time lawful, even if unjust. He can only be reinstated by rightful authority, and until reinstated, it is not, we think, in the power of the board to retire and pension him."
(Followed in People v. Board of Police Fund Com'rs, 116 Ill. App. 252 (1904).) Where the language of a statute is not clear, it is proper for the courts to compare other statutes on the same subject matter even though not *376 strictly in pari materia. Bergin v. Board of Trustees, 31 Ill.2d 566, 574, 202 NE2d 489 (1964).
Our attention is directed toward Fenyes v. State Employees' Retirement System of Illinois, 17 Ill.2d 106, 160 NE2d 810 (1959). In that case the appellant had voluntarily resigned and, within a few months thereafter, expired. Application was made for a death benefit, which was denied. At page 108, the Court said:
"It is conceded that the plaintiff would be entitled to the ordinary death benefit if decedent died while in service, but that she would not qualify for such benefit if he had effectually withdrawn from the service prior to his death. In the latter event, plaintiff would be entitled only to a refund of the accumulated contributions which decedent had made. (Ill Rev Stats 1957, chap 127, pars 222, 226.) Section 3-21 provides that `"Withdrawal from service" means complete severance of employment of any member as an employee of the State or of all Departments, by resignation, discharge or dismissal.' Ill Rev Stats 1957, chap 127, par 217."
A review of the statutory amendments subsequent to the cases cited above would indicate that although the Legislature had the issue brought to their attention through McGann, etc., and has had repeated opportunities to amend the questioned verbiage, no substantial changes have been made which would refute the Court's interpretation of legislative intent. We must, therefore, conclude that, on this point, judicial interpretation has correctly read the legislative intent.
Having concluded that the plaintiff is not entitled to a disability pension under the circumstances of this case, we need not reach the question of whether his was a disability of a permanent nature.
*377 The judgment of the trial court is reversed and the order of the defendant is affirmed.
Judgment of the trial court reversed; order of the defendant board affirmed.
DAVIS, P.J. and SEIDENFELD, J., concur.