JAMES GREVES, Plaintiff-Appellee, v. FIREMEN'S PENSION FUND OF THE CITY OF BLUE ISLAND *et al.*, Defendants-Appellants.

First District (4th Division)   No. 85—3565

Opinion filed September 18, 1986.

Rose & Ross, Ltd., of Rolling Meadows (Donald M. Rose and Kathleen Ross, of counsel), for appellants.

Michael W. Rathsack, of Chicago, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

The defendants, Firemen's Pension Fund of the City of Blue Island, the board of trustees of the Firemen's Pension Fund of the City

of Blue Island and its individual members (collectively, the board), reduced the plaintiff's, James Greves, disability pension benefits that he was receiving under the Pension Code (Ill. Rev. Stat. 1975, ch. 108½, par. 1—101 *et eq.*) by the amount of payments that he was receiving under the Workers' Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*).

Greves filed a complaint for administrative review with the circuit court of Cook County challenging the board's action and seeking payment of his withheld pension benefits. (Ill. Rev. Stat. 1979, ch. 108½, par. 4—139; ch. 110, par. 264.) Greves subsequently moved for summary judgment and the trial court granted the motion and entered judgment in favor of Greves and against the board for $59,160.78, the amount of withheld pension benefits. The trial court further awarded interest on the withheld payments "at the appropriate statutory rate." The board brings this appeal.

On August 8, 1976, James Greves was accepted as a member of the Firemen's Pension Fund of the City of Blue Island. One month later, on September 17, 1976, Greves was injured in the line of duty while employed as a fireman with the city of Blue Island. One year later, on September 16, 1977, the board awarded Greves duty disability pension benefits under the Pension Code in the amount of $753.82 per month. (Ill. Rev. Stat. 1975, ch. 108½, par. 4—110.) On October 1, 1977, Greves began receiving temporary total disability payments under the Workers' Compensation Act in the amount of $666.82 per month. (Ill. Rev. Stat. 1975, ch. 48, par. 138.8.) On that day, the board reduced Greves' pension benefits of $753.82 per month by $666.82, the amount of workers' compensation he was receiving, to $87 per month. The board stated that its action was based on an amendment to the Pension Code, which became effective on October 1, 1977, which provided that disability pension benefits received by a municipal employee are to be reduced by the amount of any workers' compensation benefits also being received. (Ill. Rev. Stat. 1977, ch. 108½, par. 4—143.)[1] Previous to this amendment there was no prohibition in ei-

---

[1]Prior to this amendment, the Workers' Compensation Act had an identical provision which provided for the reduction of pension benefits by the amount a person receives under workers' compensation (Ill. Rev. Stat. 1971, ch. 48, par. 138.1(b)). This provision was eliminated in 1974. Pub. Act 78—1141, eff. Oct. 1, 1974; Ill. Rev. Stat. 1975, ch. 48, par. 138.1(b).

In 1985, section 4—143 of the Pension Code (Ill. Rev. Stat. 1977, ch. 108½, par. 4—143) was repealed by Public Act 83—1440 (Pub. Act 83—1440, eff. Jan. 1, 1985), which added section 4—114.2. (See Ill. Rev. Stat. 1985, ch. 108½, par. 4—114.2.) That section provides that there shall be no reduction in pension benefits if the employee is

ther the Pension Code or the Workers' Compensation Act against receiving both pension and workers' compensation benefits. Thus, from October 1, 1977, to March 1, 1980, Greves received $666.82 less per month in pension benefits or $19,337.78 less in disability pension benefits for a period of 29 months.

On March 1, 1980, Greves settled his workers' compensation claim against the city of Blue Island and received a net workers' compensation settlement of $39,823. On that date, the board cancelled Greves' monthly disability pension of $87 per month. The board determined that the $39,823 workers' compensation settlement award would be deducted from Greves' pension benefits until such time as the amount in workers' compensation benefits had been fully offset. Since Greves was no longer receiving workers' compensation benefits, the offset was made at the rate of his entire pension, $753.82 per month. Graves' disability pension benefits were to be reinstated in September 1984.

■■ The board first contends that it acted properly pursuant to the 1977 amendment to the Pension Code when it reduced disability pension benefits by the amount of workers' compensation benefits Greves was receiving. (Ill. Rev. Stat. 1977, ch. 108½, par. 4—143.) The board argues that it was authorized to reduce Greves' pension benefits when the 1977 amendment took effect on October 1, 1977. The law is clearly contrary to the board's position. Article VIII, section 5, of the 1970 Illinois Constitution provides that membership in a pension system of any unit of local government in the State is "an enforceable contractual relationship the benefits of which shall not be diminished or impaired." (Ill. Const. 1970, art. VIII, sec. 5.) A participant is entitled to a pension based on the status of the system when his rights in the system vested, either at the time he entered the system or in 1971, when the Illinois Constitution became effective, whichever is later. *Sellards v. Board of Trustees* (1985), 133 Ill. App. 3d 415, 478 N.E.2d 1123; *Kraus v. Board of Trustees* (1979), 72 Ill. App. 3d 833, 837, 390 N.E.2d 1281.

■■ Greves' rights in the pension system vested in 1976. At that time the Pension Code did not contain a provision for a reduction of pension benefits by the amount a person receives from workers' compensation. The 1977 amendment to the Pension Code was enacted and became effective after Greves had entered the system and after his injury. (Ill. Rev. Stat. 1977, ch. 108½, par. 4—143.) To apply the 1977

receiving workers' compensation for permanent injuries. See the later amendment to section 4—114.2 (Pub. Act 84—1039, eff. Nov. 26, 1985 (see Ill. Rev. Stat. 1985, ch. 108½, par. 4—114.2)).

amendment under these circumstances would have the effect of diminishing and impairing Greves' pension benefit rights. (See *Kraus v. Board of Trustees* (1979), 72 Ill. App. 3d 833, 390 N.E.2d 1281.) Consequently, the board did not act properly when it reduced Greves' pension benefits by the amount of workers' compensation payments he was receiving. The trial court was correct in granting judgment of $59,160.78, the amount withheld from Greves.

■ The board also appeals from the trial court's order requiring that it pay prejudgment interest on the amount of pension benefit payments withheld by the board. In his complaint for administrative review, Greves requested prejudgment interest on the withheld pension benefit payments. Greves alleged in his motion for summary judgment that as the board's conduct in withholding payments was in direct contravention to clearly established case law and was against the advice of the Department of Insurance he was entitled to prejudgment interest as a matter of law. The board never addressed the issue of prejudgment interest in its response to the motion for summary judgment. The trial court entered judgment in favor of Greves for the amount of withheld pension benefits and awarded "interest thereon at the appropriate statutory rate."

The board initially asserts that the above order is ambiguous as to whether the award is for prejudgment or post-judgment interest, and, secondly, that if the award is for prejudgment interest it was contrary to Illinois law. We believe that the trial court awarded prejudgment interest as this issue was properly raised in the pleadings and motion for summary judgment. (*Baldi v. Chicago Title & Trust Co.* (1983), 113 Ill. App. 3d 29, 33, 446 N.E.2d 1205.) The trial court order stated that it was adopting Greves' memoranda filed in support of his motion for summary judgment in which he specifically requested prejudgment interest on the withheld payments and set forth the three reasons for the award of prejudgment interest.

■ As to whether the trial court erred in awarding prejudgment interest in the instant case, we deem this issue waived on appeal as the board failed to respond to the issue of prejudgment interest in the trial court. *Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 550, 449 N.E.2d 65.

Accordingly, for the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.