JAMES B. DI FALCO, Plaintiff-Appellant, v. THE BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND OF THE WOOD DALE FIRE PROTECTION DISTRICT NO. ONE *et al.*, Defendants-Appellees.

Second District   No. 2—85—0808

Opinion filed December 31, 1986.

LeRoy W. Gudgeon, of Northfield, for appellant.

James P. Bartley and Michael J. Duggan, both of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:
Plaintiff, James B. Di Falco, a discharged probationary fireman, brought an action for administrative review against defendant, the

board of trustees of the Firemen's Pension Fund of the Wood Dale Fire Protection District No. One (board). Plaintiff sought judicial review of the Board's dismissal of his application for a line-of-duty disability pension by reason of the untimeliness of the application. The trial court affirmed the decision of the board to dismiss the application. The court also granted the motion of the board of fire commissioners (commissioners) of the district to dismiss it as a party defendant. Plaintiff appeals.

The facts are largely undisputed. Plaintiff had been a paid on-call fireman from September 1977 until June 1, 1982, when he was appointed a probationary fireman-paramedic. While on duty in October 1982, he sustained injuries to his back and spine necessitating a full physical disability leave beginning about December 2, 1982.

On May 2, 1983, plaintiff received a letter from the commissioners that advised him that in February 1983 the commissioners decided to extend his probationary status for a period equal to the amount of time between December 2, 1982, to whenever he returned to full-time service. While in the hospital recovering from a medical procedure relating to his disability, plaintiff received a letter from the commissioners dated May 26, 1983, advising him that effective on that date he was no longer a member of the firefighting force of the district.

Approximately a year later, May 24, 1984, plaintiff submitted his application for a duty-related pension to the board pursuant to the terms of the Illinois Pension Code relating to disability pensions. (Ill. Rev. Stat. 1981, ch. 108½, par. 4—110). The board ordered plaintiff to undergo examinations by three physicians as provided for in section 4—112 of the Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 4—112).

By motion of January 29, 1985, the Wood Dale fire protection district (district) moved the board to deny plaintiff's application on the ground that as a matter of law plaintiff was not entitled to apply for a disability pension. The essence of the motion was that since plaintiff had been discharged May 26, 1983, from his probationary employment, he was no longer a "fireman" and therefore did not qualify under the description of "any fireman" as that term is used in section 4—110 of the Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 4—110), and that, as a matter of law, in order to qualify for a duty-related disability pension an individual must be a "fireman" at the time of the application. Appended to the motion was this court's decision in *Freberg v. Board of Trustees of Firemen's Pension Fund* (1970), 128 Ill. App. 2d 369, 262 N.E.2d 22. The motion was granted, and the plaintiff's application was dismissed. Thereafter, plaintiff brought the

instant complaint for administrative review.

On administrative review the trial court affirmed the decision of the board. The court also granted the motion of the commissioners to be dismissed as party defendants.

On appeal plaintiff contends that having incurred injuries while on duty as a probationary firefighter before his discharge, he had a vested right in a firemen's disability pension. Plaintiff contends that since July 1, 1971, the effective date of the Illinois Constitution of 1970, the courts have held that firemen and policemen have contractual rights to their pensions as they existed on the date of their employment or July 1, 1971, if employed prior to such date, and to any further beneficial changes in their particular pension article if they make payments to the pension funds. Plaintiff argues that on the date of his discharge, about May 26, 1983, he had no reason to apply for a disability pension, particularly because he was entitled to a year of full salary by reason of the duty-related injury pursuant to section 1 of "An Act to provide for the continuation of compensation of law enforcement officers, etc." (Ill. Rev. Stat. 1981, ch. 70, par. 91). Plaintiff contends that if the board's decision were to be upheld, then any firefighter who sustained a duty-related injury and was discharged before he could make a pension application would be denied his constitutionally protected pension rights.

Plaintiff relies on section 4—105b of the Illinois Pension Code as a second reason why an injured fireman may not be able to apply for a disability pension before being discharged from his probationary period. Section 4—105b provides:

> " 'Permanent disability': any physical or mental impairment that (a) can be expected to result in death, (b) has lasted for a continuous period of not less than 12 months, or (c) can be expected to last for a continuous period of not less than 12 months." (Ill. Rev. Stat. 1981, ch. 108½, par. 4—105b.)

Plaintiff contends he could not meet the three criteria of the permanent disability provision on a date before he was discharged May 26, 1983.

Finally, plaintiff argues that the trial court erred in dismissing the commissioners as a party defendant.

Defendant board contends that this case turns on the question of whether a former probationary fireman who has been discharged prior to the end of his probationary period is entitled to disability pension when application is made for the pension almost 12 months after the discharge. The board contends that that is the only issue in the case. It is the board's position that this court's decision in the case of

*Freberg v. Board of Trustees of the Firemen's Pension Fund* (1970), 128 Ill. App. 2d 369, 262 N.E.2d 22, controls the outcome of this appeal.

In *Freberg* the plaintiff was a fireman of 18 years' service at the time he was suspended without pay for conduct unbecoming an officer. Specifically, he had been accused of and admitted to committing acts of indecent exposure before children. A civil service hearing was held and at that hearing the plaintiff first presented his theory that his conduct was the product of a mental disability. The hearing officer recommended that the plaintiff be suspended for one year, and the civil service commission on review of that decision affirmed the hearing officer's findings and increased the sanction from suspension to dismissal. Subsequently, the plaintiff made an application under section 4—111 of the Illinois Pension Code (Ill. Rev. Stat. 1967, ch. 108½, par. 4—111) for a "not in the line of duty" disability pension based on the allegation that his mental condition constituted a permanent emotional disturbance. The pension board denied the application; the decision was reversed on administrative review by the circuit court of Lake County. The pension board appealed to this court arguing that an applicant who has been discharged cannot be granted a disability pension and that the evidence sustained a finding that the plaintiff was not permanently mentally disabled.

This court noted that the plaintiff had changed his theory of relief on appeal from that advanced before the civil service commission. During the civil service proceeding, he claimed that his condition was temporary and that he had been cured and should be restored to active duty. However, the plaintiff's position on appeal, according to the *Freberg* court, was that his discharge was based on a permanent mental disability which occurred prior to the discharge and that he, therefore, was entitled to a disability pension under the statute. This court held, in relevant part:

> "In section 4—111, the phrase, '*** so as to render necessary his retirement from service ***,' implies that the individual must *still be* a fireman at the time of application. Additionally, we interpret the words, 'any fireman' to mean a fireman on active duty, one on inactive duty, one on a leave of absence, one suspended, or one retired, but not an individual who has been discharged. A fireman, once discharged, ceases to be a fireman and his employment in such capacity is terminated. In the case at bar, the order of discharge was not appealed and was therefore final; the plaintiff can no longer be termed 'a fireman.'
> ***

Under section 4—113 (and the circumstances of this case) if plaintiff was to be allowed a disability pension, he would eventually have a right to apply for a regular pension since the time on disability pension accrues as creditable service time toward the 20 years necessary for retirement.

The effect of accepting plaintiff's theory would be to place him in a special classification wherein he would receive the benefits of these sections without being bound by the obligations. Thus, a person discharged for cause would benefit from a special classification which arose from that discharge, permitting him to profit from his own misconduct. We cannot interpret this to be the intent of the Legislature.

From a reading of the statute as a whole, it is our opinion that the plaintiff is not entitled to receive a disability pension under the circumstances of this case." *Freberg v. Board of Trustees of the Firemen's Pension Fund* (1970), 128 Ill. App. 2d 369, 374, 262 N.E.2d 22.

The board contends that there is no significant difference between the statute construed in *Freberg* and that underlying the instant case. The board draws our attention to the particular language of our holding that to apply for a pension a person "must *still be* a fireman at the time of application", and "not an individual who has been discharged." (Emphasis in original.) 128 Ill. App. 2d 369, 374, 262 N.E.2d 22.

The board further contends that plaintiff's reliance on section 5 of article XIII of the Illinois Constitution of 1970 is meritless. The board maintains that to say that legislative action may not be taken to impair the obligations of a contract is not to say that a contract can never come to an end or that rights thereunder can never be severed. Assuming *arguendo* that a plaintiff may have a contractual right to a disability pension when he was, in fact, a probationary fireman, defendant maintains, that having been discharged from that position by the commissioners, that right came to an end. The board responds to plaintiff's argument that even though he was a discharged probationary employee he was entitled to vested rights in a pension, by contending that for this court to accept that argument would have the effect of putting a probationary fireman in a superior position to other firemen.

■ We conclude that the board and the trial court erred by reading the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 4—101 *et seq.*) and our holding in *Freberg* too broadly. Article XIII, section 5 of the Illinois Constitution of 1970 provides:

"Membership in any pension or retirement system of the

State, any unit of local government or school district, or any agency or instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired." (Ill. Const. 1970, art. XIII, sec. 5. See also Ill. Const. 1970, art. I, sec. 16.)

Further, a participant is entitled to a pension based on the status of the pension system when his rights in the system vested. (*Greves v. Firemen's Pension Fund* (1986), 147 Ill. App. 3d 956, 958-59, 498 N.E.2d 618, 620; *Sellards v. Board of Trustees of the Rolling Meadows Firemen's Pension Fund* (1985), 133 Ill. App. 3d 415, 417, 478 N.E.2d 1123; *Kraus v. Board of Trustees of the Police Pension Fund* (1979), 72 Ill. App. 3d 833, 837, 390 N.E.2d 1281.) There is no indication from the sparse record generated by the abbreviated proceedings below that vesting occurred at any time other than when plaintiff began his probationary employment in 1982 and began paying in to the pension fund.

The effect of the adoption of the Illinois Constitution of 1970 was to limit the application of *Freberg*. The Constitution became effective July 1, 1971. (*Taft v. Board of Trustees of the Police Pension Fund* (1985), 133 Ill. App. 3d 566, 568, 479 N.E.2d 31.) *Freberg* was decided September 1, 1970, and thus, predates the effective date of section 5 of article XIII of the 1970 Constitution. Our rationale in *Freberg* was that when Freberg applied for a pension after his discharge for cause, he was no longer a "fireman" and, since only "firemen" were entitled to apply, he did not qualify under the statute to apply for a pension.

■ The application of our holding in *Freberg*, that discharge or discharge for cause of a member of a pension system forecloses a right to apply for his vested pension after discharge, would violate the provisions of section 5 of article XIII of the Constitution of 1970. There was no provision in the Illinois Pension Code at the time this plaintiff's rights to a pension vested that precluded application for a pension after discharge. Thus, to foreclose plaintiff's right to apply for a disability pension after his discharge would have the effect of diminishing and impairing plaintiff's pension benefit rights. (See *Greves v. Firemen's Pension Fund* (1986), 147 Ill. App. 3d 956, 958-59, 498 N.E.2d 618, 620; see also *Sellards v. Board of Trustees of Firemen's Pension Fund* (1985), 133 Ill. App. 3d 415, 417, 478 N.E.2d 1123; see also *Kraus v. Board of Trustees of the Police Pension Fund* (1979), 72 Ill. App. 3d 833, 837, 390 N.E.2d 1281.) Since the Illinois Pension Code does not impose, specifically, a time period during which one may make application for a pension, we believe that a court-imposed period of limitations would have the effect of diminishing vested pen-

sion rights in contravention of section 5 of article XIII of the 1970 *Constitution*.

■■ Nor are we persuaded by the board's theory that the Illinois Pension Code itself specifically limits entitlement to a line-of-duty disability pension to firefighters and that no one who is not currently a firefighter may apply for a section 4—110 disability pension. (Ill. Rev. Stat. 1981, ch. 108½, par. 4—110.) The board observes correctly that the current law is part of every contract (*S & D Service, Inc. v. 915—925 W. Schubert Condominium Association* (1985), 132 Ill. App. 3d 1019, 1023, 478 N.E.2d 478), but errs when it maintains that limitation to active firefighters was, thus, a condition of plaintiff's pension when it vested. Therefore, under the board's reasoning, there was no diminishment in the denial of the right to apply for a pension to a discharged fireman.

■ However, we note that the term "firefighter" is not used so preclusively in the Pension Code. For example, in section 4—109 the following language occurs:

"*A firefighter* age 50 or more with 20 or more years of creditable service, *who is no longer in service as a firefighter*, shall receive * * *." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 108½, par. 4—109(a).)

Thus, it is apparent that the use of term "firefighter" in the statute was not intended to be interpreted as referring only to persons currently in service as firefighters. Further, if the legislature had intended to either preclude discharged firefighters from thereafter applying for, or being eligible for, a pension it would have so provided in the Illinois Pension Code. (See *Johnson v. Industrial Com.* (1972), 53 Ill. 2d 23, 26, 289 N.E.2d 627; see also *Ferguson v. Industrial Com.* (1947), 397 Ill. 348, 351-53, 74 N.E.2d 539.) For these reasons we distinguish our holding in *Freberg* as not controlling in cases where a fireman's pension rights vested on or after July 1, 1971, the effective date of section 5 of article XIII of the Illinois Constitution. (See Ill. Const. 1970, art. XIII, sec. 5.) We express no opinion here as to the vitality of *Freberg* as to pension rights which vested before July 1, 1971.

■■ Assuming *arguendo* that *Freberg* was not distinguishable as predating the effective date of the Constitution of 1970, nonetheless, we believe the case is distinguishable factually from the instant case. In *Freberg* we found it necessary to construe the legislative intent of the Illinois Pension Code and the court concluded that the legislature could not have intended that a fireman discharged *for cause* could profit from his own misconduct by first receiving a disability pension

(Ill. Rev. Stat. 1967, ch. 108½, par. 4—112) and thereby accrue time on disability pension toward a retirement pension pursuant to section 4—113 (Ill. Rev. Stat. 1967, ch. 108½, par. 4—113). Our *Freberg* opinion should be limited to the "circumstances of [that] case" as the court in *Freberg* so stated. (128 Ill. App. 2d 369, 374, 262 N.E.2d 22.) In the instant case there are no facts to suggest that plaintiff was discharged "for cause" as in Freberg. Considering the rationale of the court in arriving at legislative intent, it is apparent that, in any event, its holding would apply only to persons who were discharged for cause. *Freberg v. Board of Trustees of the Fireman's Pension Fund* (1970), 128 Ill. App. 2d, 369, 374, 262 N.E.2d 22.

Therefore, we hold that neither *Freberg* nor the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 4—101 *et seq.*) prohibit consideration by the board of plaintiff's application for a disability pension. We reverse the judgment of the circuit court of Du Page County and remand the case to the board for consideration of plaintiff's application for a disability pension. See *L. E. Zannini & Co. v. Board of Education* (1985), 138 Ill. App. 3d 467, 479-80, 486 N.E.2d 424.

In light of our disposition, we need not consider plaintiff's second argument that he could not meet the requirements of section 4—105b of the Illinois Pension Code (Ill. Rev. Stat. 1981, ch. 108½, par. 4—105b) prior to his discharge and therefore it would be impossible to comply with the holding of *Freberg* that one must be currently a fireman at the time of application for pension. Nor will we consider plaintiff's contention that the trial court erred in dismissing the commissioners as a party defendant as plaintiff failed to cite authority to support this argument and thereby violated Supreme Court Rule 341(e)(7) (103 Ill. 2d R. 341(e)(7)). Plaintiff's citation to *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 488, 95 N.E.2d 864, appears to have no relevancy to plaintiff's argument nor did it direct us to a page of the reporter as the specific source of the authority for which it was cited. We treat the issue as waived. *People v. Ramirez* (1983), 98 Ill. 2d 439, 472, 457 N.E.2d 31.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded to the board for consideration of plaintiff's application. The circuit court is affirmed as to that part of its judgment dismissing the commissioners as a party defendant.

Affirmed in part; reversed in part and remanded.

REINHARD and WOODWARD, JJ., concur.