KENNETH CULLEN, Plaintiff-Appellant, v. RETIREMENT BOARD OF THE POLICEMAN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO, Defendant-Appellee.

First District (3rd Division)   No. 1—93—1158

Opinion filed March 22, 1995.—Rehearing denied May 5, 1995.

1106

Thomas J. Pleines, of Chicago, for appellant.

David R. Kugler, of Chicago, for appellee.

JUSTICE TULLY delivered the opinion of the court:

This action was initially brought by plaintiff, Kenneth Cullen, in the circuit court of Cook County pursuant to section 3—101 of the Code of Civil Procedure (section 3—101) (735 ILCS 5/3—101 (West 1992)) seeking the circuit court's administrative review of a decision by defendant, the Retirement Board of the Policeman's Annuity and Benefit Fund of the City of Chicago (hereinafter the Board), denying his request to reinstate his retirement benefits. The circuit court affirmed the Board's ruling. It is from the order affirming the Board's decision that plaintiff appeals to this court pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301).

For the reasons which follow, we reverse and remand.

FACTUAL BACKGROUND

The following facts are undisputed by the parties. Plaintiff was appointed a Chicago police officer on September 19, 1966, and served continuously in that capacity until he retired on February 13, 1989, and began to receive his retirement annuity from the Board.

On September 10, 1990, after a jury trial, plaintiff was found guilty of first degree murder in violation of section 9—1(a)(1) of the

Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(a)(1) (now 720 ILCS 5/9—1(a)(1) (West 1992))) and sentenced to serve 25 years' imprisonment for that crime.

The following pertinent facts were adduced at the criminal trial. On February 18, 1984, at about 2:30 a.m., plaintiff, who was off duty, was involved in a traffic altercation with three youths, Raymond Mc-Caffrey (hereinafter Raymond), Martin McCaffrey (hereinafter Martin) and Don Starzynski. Plaintiff and Carol Brown, described as plaintiff's "pregnant common law wife," were driving southbound on Central Avenue near the intersection of Belmont Avenue in Chicago.

Plaintiff's vehicle was cut off by the car Starzynski was driving and in which Raymond and Martin were passengers. Both automobiles proceeded southbound on Central Avenue. Starzynski continued to cut off plaintiff with his car, at one time almost forcing plaintiff's car into another vehicle. During this time the youths made obscene gestures and yelled obscenities at plaintiff and Brown.

Starzynski turned left off of Belmont Avenue onto Wellington Avenue and proceeded some four blocks to his home and parked. Plaintiff followed the youths and stopped his car behind the Starzynski vehicle.

Raymond exited Starzynski's car and walked towards plaintiff and said "what the hell's your problem?" Plaintiff got out of his car and said "I got a pregnant lady—a pregnant woman in the car." Raymond continued to walk towards plaintiff. Plaintiff then pulled out a pistol and fired one shot, striking Raymond between the eyes and killing him. At no point during the altercation did plaintiff, who was dressed in street clothes, identify himself as a police officer or place any of the youths under arrest. The pistol plaintiff used to kill Raymond was not his official service revolver.

Plaintiff then reentered his vehicle, in which Brown remained seated, and drove away. Later, plaintiff returned to the crime scene, saw that the police were investigating and left without saying a word.

After the lapse of about five years, plaintiff and Brown had an argument which led to a chain of events through which Brown reported plaintiff's involvement in Raymond's killing to the authorities. Consequently, plaintiff was indicted, tried and convicted of Raymond's murder. At trial, plaintiff claimed he acted in self-defense.

Thereafter, the Board learned of plaintiff's murder conviction and on January 1, 1991, terminated his pension benefits, citing section 5—227 of the Illinois Pension Code (hereinafter section 5—227) (Ill. Rev. Stat. 1991, ch. 108¹/₂, par. 5—227 (now 40 ILCS 5/5—227 (West 1992))).

On July 9, 1992, the Board conducted an administrative hearing on an application filed by plaintiff seeking to have his pension benefits restored. On July 24, 1992, the Board issued a final decision in the matter which denied plaintiff reinstatement of his benefits.

Subsequently, plaintiff sought judicial review of the Board's decision in the circuit court. On March 12, 1993, the circuit court affirmed the Board's denial of plaintiff's request for restoration of pension benefits. The instant appeal followed.

For the reasons which follow, we reverse and remand.

## ISSUE PRESENTED FOR REVIEW

On appeal, plaintiff urges that the circuit court erred in holding that section 5—227 precluded his receiving retirement benefits.

## OPINION

Section 5—227 of the Illinois Pension Code provides as follows:

"None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony *relating to or arising out of or in connection with his service as a policeman.*

None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony while in receipt of disability benefits.

None of the benefits provided for in this Article shall be paid to any person who is convicted of any felony relating to or arising out of or in connection with the intentional and wrongful death of a police officer, either active or retired, through whom such person would be eligible to receive, or is receiving, an annuity under this Article.

This Section shall not operate to impair any contract or vested right heretofore acquired under any law or laws continued in this Article, nor preclude the right to a refund.

All future entrants entering service subsequent to July 11, 1955, shall be deemed to have consented to the provisions of this Section as a condition of coverage." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 108¹/₂, par. 5—227 (now 40 ILCS 5/5—227 (West 1992)).

The gist of the Board's argument in this case is that, as a police officer is sworn to always uphold the law, by definition, any action he takes is within the performance of his duties as an officer. Consequently, plaintiff's off-duty unlawful conduct necessarily results in his being precluded from pension benefits. We cannot agree.

■ "In interpreting a disputed provision a court should first consider the statutory language itself as the best indication of the intent of the drafters. [Citation.] Terms that are unambiguous, when not specifically defined, must be given their plain and ordinary meaning." (*People ex rel. Village of McCook v. Indiana Harbor Belt R.R.*

Co. (1993), 256 Ill. App. 3d 27, 29.) If possible, every word, clause or sentence of a statute must be applied in a way that no word, clause or sentence is rendered superfluous. *Kozak v. Retirement Board of the Fireman's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 216.

■ The first paragraph of section 5—227 uses the phrase "any felony relating to or arising out of or in connection with his service as a policeman." (40 ILCS 5/5—227 (West 1992).) Thus, the statute clearly contemplates the existence of situations where a police officer could commit a felony unrelated to his law enforcement duties.

Moreover, legislative intent must be garnered from a review of the entire statutory plan. (*Chastek v. Anderson* (1981), 83 Ill. 2d 502, 511.) The second paragraph of section 5—227 provides that no "benefits *** shall be paid to any person who is convicted of any felony while in receipt of disability benefits." (40 ILCS 5/5—227 (West 1992).) Here, the General Assembly did not require circumstances relating to, arising out of or in connection with police service attendant to a felony conviction in order to disqualify an officer from receiving disability benefits. Rather, all that is required is the commission of "any felony." Surely, if the legislature had wanted the first paragraph of section 5—227 to read in the way the Board wishes us to interpret it, it could have used the same language or similar language to that which it used in the second paragraph. Moreover, if the General Assembly did not wish to employ a different standard for denying disability benefits from that of pension benefits, why did it not simply write one paragraph denying all benefits for any felony conviction instead of writing two separate paragraphs that draw distinctions?

In light of the foregoing, we find the circuit court and the Board erred in their interpretation of section 5—227. Consequently, as there is no evidence demonstrating that plaintiff's criminal actions were in any way related to or arose out of or in connection with his service as a Chicago police officer, we reverse the judgment of the circuit court and remand this cause to it with instructions that it enter an order reinstating plaintiff's pension benefits.[1]

Judgment reversed and remanded.

GREIMAN, P.J., and CERDA, J., concur.

---

[1]We note that plaintiff supplemented the record on appeal with certain documents and pleadings from a civil action filed by Raymond's estate against plaintiff and the City of Chicago (hereinafter the City). In those documents the City denied that plaintiff was acting in his capacity as a Chicago police officer. None of these documents was offered at either the administrative

hearing or in the circuit court. While it is true that Supreme Court Rule 366(a)(3) (134 Ill. 2d R. 366(a)(3)) allows us to amend the record to correct errors and to supplement by adding matters which it should contain, "it is axiomatic that new evidence not offered during the trial of a cause cannot be introduced for the first time on appeal." (*Catalano v. Pechous* (1978), 69 Ill. App. 3d 797, 813, citing *H.J. Tobler Trucking Co. v. Industrial Comm'n* (1967), 37 Ill. 2d 341, 344.) Accordingly, we reached our decision in this case without consideration of the aforementioned documents or the arguments put forth thereupon by plaintiff.