JAMES E. DVORAK, ) APPEAL FROM
 ) THE CIRCUIT COURT
 Plaintiff-Appellant, ) COOK COUNTY.
 )
 )
 v. ) No. 94 CH 8902
 ) 
THE RETIREMENT BOARD OF THE ) 
POLICEMEN'S ANNUITY & BENEFIT FUND, ) 
CITY OF CHICAGO, BOARD MEMBERS ) 
WALTER E. KNORR, GARY B. HELMS, )
ROBERT F. REUSCHE, MIRIAM SANTOS, ) 
CHARLES R. LOFTUS, JOHN J. THULIS, ) 
KENNETH A. HAUSER, AND RICHARD J. ) THE HONORABLE,
JONES, and EXECUTIVE DIRECTOR ) MICHAEL B. GETTY,
JAMES B. WATERS, JR., ) JUDGE PRESIDING.
 )
 Defendants-Appellees. ) 

 PRESIDING JUSTICE COUSINS delivered the opinion of the
court:
 Defendants, The Retirement Board of the Policemen's Annuity
& Benefit Fund, City of Chicago, and individually named board
members Walter E. Knorr, Gary B. Helms, Robert F. Reusche, Miriam
Santos, Charles R. Loftus, John J. Thulis, Kenneth A. Hauser,
Richard J. Jones, and executive director James B. Waters, Jr.
(collectively, the Board), revoked plaintiff James E. Dvorak's
(Dvorak's) pension benefits after he was convicted of two felony
counts in federal district court. The trial court affirmed the
administrative order in favor of the defendant and this appeal
followed. On appeal, plaintiff argues that the Board erred in
denying him his pension benefits because he was not a policeman
with the Chicago police department as defined by the Illinois
Pension Code (the Code) (40 ILCS 5/1--101)(West 1994)) at the
time that he committed the felonies and, therefore, his felonies
were not relating to or arising out of or in connection with his
service as a policeman for the Chicago police department.
BACKGROUND
 Plaintiff was appointed to the Chicago police department on
March 28, 1966. During 1986, he applied for and was granted
authority to take a leave of absence for the purpose of serving
as undersheriff in the Cook County sheriff's office. 
 On April 9, 1987, while still on a leave of absence and
working as undersheriff, plaintiff applied to the Board seeking
the right to contribute to his pension fund with the Chicago
police department, pursuant to section 5--214(c) of the Pension
Code (40 ILCS 5/5--214(c)(West 1994), on the basis that his job
included "performing safety or investigative work for the county
in which [Chicago] is principally located." Section 5--214,
entitled "Credit for other service" provides in pertinent part:
 "Credit for other service. Any participant in this
 fund (other than a member of the fire department of the
 city) who has rendered service as a member of the police
 department of the city for a period of 3 years or more is
 entitled to credit for the various purposes of this Article
 for service rendered prior to becoming a member or
 subsequent thereto for the following periods:
 ***
 (c) While performing safety or investigative work for
 the county is which such city is principally located or for
 the State of Illinois or for the federal government, on
 leave of absence from the department of police, or while
 performing investigative work for the department as a
 civilian employee of the department." 40 ILCS 5/5--214 (West
 1994).
The Board granted plaintiff authority to make contributions
during his employment as undersheriff.
 As of March 12, 1990, plaintiff was no longer employed as
undersheriff and began to receive his retirement pension from the
pension fund. On April 28, 1994, after he had already retired
and was receiving his pension, Dvorak pled guilty and was
convicted of two felony counts in federal district court. Both
convictions related to plaintiff's conduct while he was employed
as the undersheriff. One count involved tax fraud and the other
count charged that plaintiff had participated in and accepted
bribes in the procurement of certain contracts. Upon learning of
the convictions, the Board terminated Dvorak's pension benefits
pursuant to section 5--227 of the Pension Code. Section 5--227,
entitled "Felony Conviction" provides in pertinent part:
 "Felony conviction. None of the benefits provided for
 in this Article shall be paid to any person who is convicted
 of any felony relating to or arising out of or in connection
 with his service as a policeman.
 None of the benefits provided for in this Article shall
 be paid to any person who is convicted of any felony while
 in receipt of disability benefits. 
 * * *
 All future entrants entering service subsequent to July
 11, 1955, shall be deemed to have consented to the
 provisions of this Section as a condition of coverage. 40
 ILCS 5/5--227 (West 1994).
 Plaintiff petitioned for reinstatement of his benefits, and
on July 28, 1994, the Board held a hearing to review the issue. 
Thereafter, on September 22, 1994, the Board denied plaintiff's
application for reinstatement of his pension benefits. In its
order, the Board cited sections 5--214 and 5--227 and concluded,
in pertinent part:
 "(a) *** DVORAK was contributing to the fund the
 amounts he would have contributed had he remained an active
 member of the police department; (b) *** he was granted
 service credit during the period he served as under-sheriff
 as he was performing safety and investigative work in the
 County in which this City is principally located, and (c)
 *** as a contributing member of this Fund, he was bound by
 all of the provisions thereof."
Plaintiff then filed a timely complaint for administrative review
in the circuit court. 
 On August 2, 1995, the trial court found that, as a matter
of law, Dvorak was subject to section 5--227 at the time of the
acts and convictions involved, but that the Board had not made
sufficient findings of fact regarding whether the criminal
activities for which Dvorak was convicted were, in fact, related
to or arose out of or in connection with his service as a
policeman and thus fit section 5--227 of the Code. The trial
court remanded the matter to the Board for further findings. 
 The Board reconsidered the matter and on September 28, 1995,
published an amended order. Once again, the Board denied
plaintiff's petition to reinstate his benefits. The Board
concluded, in pertinent part:
 "(a) DVORAK, while on an approved leave of absences
 [sic], remained a police officer subject to the department's
 rules, his oath of office and subject to recall by the
 department at any time. The leave granted is on a yearly
 basis and is renewable at the discretion of the department;
 (b) DVORAK, like any other officer, remains a Chicago
 Police Department Officer subject to the department's rules
 and his oath of office from the time of the appointment
 until such time as he withdraws from services [sic] or is
 otherwise terminated;
 * * *
 (e) DVORAK, in the performance of this employment was
 engaged in security, and investigative work necessary to
 protect the citizens of the County in the same manner as he
 obligated [sic] to do as a police officer;
 * * *
 (h) As Under-Sheriff and as a police officer on leave,
 DVORAK was duty bound by his oath of office to perform acts
 and engage in services related and connected to protecting
 the citizens of the City and County;
 (i) DVORAK failed to perform those acts related to and
 connected with his duties as a law enforcement officer when
 he accepted bribes for the purpose of allowing co-
 conspirators or others to commit crimes of the very nature
 which DVORAK was charged to prevent;
 (j) DVORAK as a police officer whether on leave of
 absence or not was required by his oath of office to prevent
 crimes against the citizens and not to participate in those
 crime [sic] or to engage in activities which tended to
 conceal those crimes from the law enforcement community;
 (k) Recognizing that all acts committed by a police
 officer which result in felony convictions may not
 necessarily require a forfeiture of the officer's pension
 benefits, the Board, however, finds that the taking of
 bribes, to allow criminal activities to be committed and to
 conceal those criminal activities from his superiors or
 other members of the law enforcement community, all
 constituted activities relating to or arising out of or in
 connection with DVORAK'S service and responsibilities as a
 police officer."
 After reviewing the Board's amended order, the trial court
found that the Board's decision was not contrary to the manifest
weight of the evidence and affirmed the amended order. 
 We affirm.
ANALYSIS
 Plaintiff's sole argument on appeal is that the Board erred
in denying him his pension benefits because his felonies were not
relating to or arising out of or in connection with his service
for the Chicago police department because, he was on a leave of
absence and, therefore, not a policeman with the department, as
defined by the Pension Code, at the time he committed the
felonies. The Board argues that plaintiff continued to be a
police officer during his leave of absence because, under the
plain language of the statute, a person sworn as a police officer
remains a police officer until that officer is either discharged
or resigns. We agree.
 Section 5--109 of the Pension Code defines the term
"policeman" as "[a]n employee in the regularly constituted police
department of a city appointed and sworn or designated by law as
a peace officer with the title of policeman." 40 ILCS 5/5--109
(West 1994).
 The term "active policeman" is defined by section 5--112 and
is defined as "[a] person employed and receiving salary as a
policeman." 40 ILCS 5/5-112 (West 1994). 
 Furthermore, section 5--116 of the Code defines the term
"withdrawal" as "[t]he discharge or resignation of a policeman."
40 ILCS 5/5--116 (West 1994).
 Plaintiff argues that the felony provision does not apply to
inactive police officers because such an interpretation would
render portions of the felony provision superfluous. Speci-
fically, plaintiff points to the second paragraph of the felony
provision. In 1969, the Illinois legislature amended the felony
provision to specifically preclude pension benefits for "any
person who is convicted of any felony while in receipt of
disability benefits." 40 ILCS 5/5--227 (West 1994). Plaintiff
argues that, before the amendment, the felony provision did not
apply to any inactive policeman who had not been terminated or
resigned and that the amendment was the first time the provision
would apply to a category of inactive policemen. Plaintiff
further contends that the legislature's failure to add similar
language for all other categories of inactive policemen means
that the term "policeman" in the first sentence of the felony
provision applies only to policemen on active duty and not
inactive policemen like the plaintiff. 
 Plaintiff's argument is wholly unsound. There is no
indication that the legislature based its amendment on an
active/inactive dichotomy rather than on a concern for or as a
response to public policy issues regarding those who commit
felonies while receiving disability benefits.
 We also note that plaintiff chose to continue to contribute
to his pension fund at the police department while working as an
undersheriff. The effect of plaintiff's argument is to create a
special classification of inactive police officers who would
receive the benefits of the Pension Code, as plaintiff did in the
instant case, by being allowed to contribute to his pension while
on leave, without being bound by the obligations of the Code. 
See Freberg v. Board of Trustees of the Firemen's Pension Fund,
128 Ill. App. 2d 369, 262 N.E.2d 22 (1970). We do not interpret
this result to be the legislature's intent.
 In addition, plaintiff relies on Cullen v. Retirement Board
of the Policeman's Annuity & Benefit Fund, 271 Ill. App. 3d 1105,
649 N.E.2d 454 (1995), to support his argument that his felonies
do not relate to his service as a policeman for the City of
Chicago because the felonies were committed while he was employed
by the Cook County sheriff's office. 
 In Cullen, a Chicago police officer retired and began to
receive his retirement annuity from the Board. 271 Ill. App. 3d
at 1106. Thereafter, he was found guilty of first-degree murder
for the shooting of Don Starzynski. 271 Ill. App. 3d at 1106,
07. The incident occurred in Chicago during a traffic
altercation with the plaintiff and three other individuals. At
no point during the altercation did plaintiff, who was dressed in
street clothes, identify himself as a police officer or place any
the individuals under arrest. 271 Ill. App. 3d at 1107. 
Furthermore, the pistol plaintiff used to kill Starzynski was not
plantiff's official service revolver. 271 Ill. App. 3d at 1107.
 Thereafter the Board learned of plaintiff's murder
conviction and terminated his pension benefits citing section 5--
227 of the Pension Code. Cullen, 271 Ill. App. 3d at 1107. The
trial court affirmed the Board's decision. The appellate court
reversed the decision of the trial court and held that there was
no evidence demonstrating that the plaintiff's criminal actions
were in any way related to or arose out of in connection with his
service as a Chicago police officer. 271 Ill. App. 3d at 1109. 
Specifically, the court noted that, under the first paragraph of
section 5--227, a police officer's pension benefits will be
terminated if the officer commits "any felony relating to or
arising out of or in connection with his service as a policeman."
(Emphasis added.) 271 Ill. App. 3d at 1109. The court then
garnered legislative intent from a review of the "entire
statutory plan." 271 Ill. App. 3d at 1109. The court noted that
the second paragraph of section 5--227 provides that "no benefits
*** shall be paid to any person who is convicted of any felony
while in receipt of disability benefits" (40 ILCS 5/5--227)(West
1994)), and does not require circumstances relating to, arising
out of or in connection with police service attendant to a felony
conviction in order to disqualify an officer from receiving
disability benefits. 271 Ill. App. 3d at 1109. Rather, the court
stated, all that is required under the second paragraph of the
Act is the commission of "any felony" (40 ILCS 5/5--227 (West
1994)). 271 Ill. App. 3d at 1109. The court concluded that if
the legislature had wanted the first paragraph of section 5--227
to require only the commission of "any felony," it could have
used the same or similar language to that which it used in the
second paragraph. 271 Ill. App. 3d 1105. Accordingly, the
appellate court concluded that the Board was required to
demonstrate that the police officer had committed a felony
relating to or arising out of or in connection with his service
as a policeman, but it had not done so. 271 Ill. App. 3d 1105.
 Cullen is inapposite to the instant case. In Cullen, the
issue was whether a police officer's off-duty conduct was
sufficiently related to his service as a policeman. In the
instant case, however, plaintiff has argued to this court that
the issue is whether any inactive policeman is within the purview
of the Act. In fact, at oral argument plaintiff argued that an
inactive officer is never subject to the Act. We disagree and
believe the issue is much narrower.
 In light of the relevant statutory provisions, it is our
view that plaintiff, ipso facto, was still a police officer
during his leave of absence, albeit an inactive police officer,
within the general definition set forth in section 5--109, and
was subject to section 5--227 of the Code because he had not
resigned or withdrawn from the department and because of the
circumstances regarding his service as an undersheriff and his
felonious conduct during that service. Specifically, plaintiff
was only allowed to serve as undersheriff because the Board felt
was that the nature of that position was sufficiently related to
his work as a police officer under section 5--224 of the Code. 
Furthermore, the specific nature of plaintiff's felonious conduct
and resulting convictions undermined the oath of office plaintiff
took as a policeman to perform acts and engage in services
related to protecting the citizens of the city and county and to
prevent crimes against the citizens. These facts are particularly
persuasive in finding that plaintiff remained within the purview
of the Act even as an inactive police officer. 
 Accordingly, since plaintiff was still a police officer
during his leave of absence, we hold that the trial court was
correct in affirming the Board's decision that plaintiff's felony
convictions necessitated the termination of his pension benefits
under section 5--227 of the Code. 
 For the foregoing reasons, the judgment of the trial court
is affirmed.
 Affirmed.
 CAHILL, J., concurs.
 GORDON, J., dissents.

No. 1-96-0905
3/26/97
 JUSTICE GORDON, dissenting: 
 I must respectfully disagree with the conclusion of the
majority. I believe that the reasoning of the majority does not
lend sufficient credence to the explicit language of the
controlling statutory provisions.
 The statutory provisions which are dispositive of the issues
raised in this appeal are sections 5/5-227 and 5/5-109 of the
Pension Code (40 ILCS 5/5-227, 5-109 (West 1992)).
 As recited by the majority, section 5-227 provides in
pertinent part,
 "Felony conviction. None of the benefits provided for
 in this Article shall be paid to any person who is convicted
 of any felony relating to or rising out of or in connection
 with his service as a policeman.
 None of the benefits provided for in this Article shall
 be paid to any person who is convicted of any felony while
 in receipt of disability benefits." 40 ILCS 5/5-227 (West
 1992).
 Section 5-109 in pertinent part defines the term "policeman" as,
 "an employee in the regularly constituted police 
 department of a city appointed and sworn or designated by
 law as a peace officer with the title of policeman ***."
 40 ILCS 5/5-109 (West 1992). 
 Under the first paragraph of section 5-227, a felony
conviction will cause a forfeiture of a police pension only where
the conviction relates to, arises out of or is connected with the
claimants services as a policeman. Under section 5-109 the term
policeman is defined as an employee in "the regularly constituted
police department of a city".
 No one here has ventured to allege that plaintiff's
employment as undersheriff of Cook County constituted "employment
in a regularly constituted police department of a city" so as to
satisfy that definition. Consequently, plaintiff could not have
been performing any services as a policeman under the Act's
definition when he was serving as undersheriff of Cook County 
which paid his salary while he was on leave of absence from the
police department of the city. Those services which plaintiff
was performing as undersheriff, no matter how analogous
they might have been to that of a policeman, could not in fact
have been those of a "policeman" as that term is defined by the
Pension Code. Accordingly, the felony committed while county
undersheriff cannot satisfy the provisions of section 5-227 which
requires that the felonies arise, relate or be connected with the
felon's service as a "policeman."
 Under the controlling statutes, plaintiff's felony
conviction while employed as undersheriff of Cook County cannot
be considered any differently than would have been the case if he
were convicted of a felony in connection with employment while on
leave of absence from the police department as a security officer
for a private entity or as a military policeman. In none of
these contexts could he be deemed to have been convicted of a
felony relating to, arising from, or connected with his
employment as a "policeman" as expressly defined by section 5-109
of the Pension Code, namely, as "an employee in the regularly
constituted police department of a city."
 The fact that plaintiff was earning credit towards his
pension while acting as undersheriff pursuant to section 5-214
may well have made him a suitable candidate for pension
forfeiture, had the legislature so provided. But, the gap left
by the absence of such legislation, even if as a result of
legislative oversight, must be remedied by the legislature itself
and not by judicial fiat. 
 The case of Cullen v. Retirement Board of the Policeman's
Annuity and Benefit Fund of the City of Chicago, 271 Ill. App. 3d
1105, 649 N.E.2d 454 (1995) is wholly in point. There a
policeman on active duty committed a felony after normal working
hours which was held not to have been connected with his services
as a policeman. The court correctly concluded that under the
Pension Code a felony, not committed in the context of one's
performance of his duties as a policeman, cannot serve as a
predicate for pension forfeiture, even though the plaintiff in
Cullen was on active status at the time in question. Here, as in
Cullen, the plaintiff's conviction resulted from conduct
unconnected to his performance of any duties on behalf of the
Chicago Police Department and, unlike the facts in Cullen, while
he was under inactive status while on leave of absence from the
Chicago Police Department. Hence, the services in which he was
engaged in at the time of his felonious conduct, no matter how
analogous to those of a policeman, cannot be construed as those
of a policeman as defined under section 5-109. 
 No amount of circumlocution can justify a result which would 
judicially redraft the applicable legislation in question. I do
not question that pension forfeiture for the felonious conduct
involved in this case would be most appropriate if the
legislature would have so provided. However, no matter how
seductive the result, maintaining the separation between the
legislative and the judicial function still remains transcendent. 
See Kozak v. Retirement Board (1983) 95 Ill. 2d 211, 220, 447
N.E.2d 394, stating,
 "When permissible under the Constitution, statutes
 should be interpreted and applied in the manner in which
 they are written. They should not be rewritten by a court
 to make them consistent with the court's idea of orderliness
 and public policy. (In re Griffin (1982), 92 Ill. 2d 48,
 52.) In People v. Wilcox (1908), 237 Ill. 421, 428, this
 court observed: It is not for the courts to pass upon what
 the *** laws ought to be, but, to declare what they are."